[No. 250.   Decided December 8, 1891.]

D. K. HOWARD, *Appellant*, v. D. A. ROSS, *Respondent*.

APPEAL—RECORD—STIPULATED TESTIMONY.—CERTIFICATE OF CLERK.

In transmitting the record on appeals to the supreme court, the clerk of the superior court has no authority to determine or certify what the testimony was on the trial in the lower court.

The fact that attorneys have stipulated that certain testimony may be considered by the court in the trial of an equitable cause,

does not make such testimony a part of the record, so as to obviate the necessity of having such testimony settled, with whatever other testimony there may be, by a statement of facts certified by the trial judge.

### Appeal from Superior Court, King County.

Action by D. A. Ross against D. K. Howard, to have a certain deed declared to be a mortgage, and for an accounting. The case was tried before a referee, but after the testimony was taken and before it was reported to the court, the entire testimony and all the pleadings in the case were destroyed by fire. Copies of both testimony and pleadings were supplied by stipulation of the parties, and on such substituted copies of testimony and pleadings the case was heard before Lichtenberg, judge, who rendered judgment for plaintiff. From such judgment defendant appeals.

Stratton, Lewis & Gilman, for appellant.

White & Munday, and Green & Turner, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—The respondent moves to dismiss this appeal for the reason: (1) That appellant has not settled the statement of facts, or any statement of facts, in this cause; (2) that appellant has not caused to be settled the bill of exceptions, or any bill of exceptions whatever, in this cause; and for other reasons which it is not necessary to review.

This is an equity case, and comes here without any statement of facts certified to by anyone. The only authentication to any part of the record is the following certificate of the clerk:

"I, W. B. Spencer, county clerk of King county, and ex officio clerk of the superior court of said county, do hereby certify that the foregoing is a full, true and correct

transcript of as much of the record in the above entitled cause as I am by statute required on appeal to transmit to the supreme court."

This much appears in the typewritten certificate, and is the usual certificate of the clerk, but there is added to this, in long hand, the following words: "Together with original testimony." These additional words give no additional strength to the certificate, for the clerk has no authority to determine or certify what the testimony was.

Sec. 4 of the act approved March 22, 1890, provides that "in all cases and proceedings in which an appeal lies to the supreme court, any party feeling himself aggrieved may have any material fact or facts not already a part of the record made so by a statement of facts," and appellant claims that the testimony in this case, by reason of the stipulation of attorneys, was already a part of the record, but we do not think that the testimony would be a part of the record. The stipulation that such testimony might be considered by the court might be a part of the record, but not the testimony submitted under the stipulation; the, testimony is always brought up under a statement of facts, and only becomes a part of the record when it is made so by settlement. So far as the stipulation in this case is concerned, it amounts to nothing more than an agreement that certain testimony should be considered by the judge below. It was entered into for the purposes of the trial below, and no rights that either party had with reference to an appeal to this court were directly or impliedly waived, or could in any manner be affected. It had fulfilled its mission when it authorized the trial judge to consider the testimony described by it, and it cannot possibly be considered after that, excepting to estop either of the parties from assigning as error the admission of such testimony. It does not come with any of the force or effect of an agreed case in this court. Under that stipulation there

was nothing to prevent the judge from hearing other and additional testimony in the cause, and there is nothing in the record to indicate that he did not. The court, in its findings, makes no reference to the stipulated testimony. Its language is, "And the court having heard the proofs of the respective parties, and all the testimony taken and filed in the case, and the arguments of the respective counsel herein, and having duly considered, etc., now finds the following facts," etc.

This court is left in the dark as to what testimony the findings of the court were based upon. Even the stipulation, could it be considered here, was not to the effect that no other testimony should be considered by the court, or that the case could be submitted on that testimony alone, but it was simply agreed that the annexed testimony was all the testimony that was taken before the referee, and that the action could be held and determined upon said annexed copies in all respects as though the same were such originals. In other words, it was simply a substitution of the record of the testimony by agreement. The law explicitly points out the manner in which the statement of facts must be brought to the knowledge of this court, and that is by setting out the testimony, with a certificate of the judge who tried the cause, that said statement, if a law case, contained all the material facts in the case or proceeding; or in causes of equitable cognizance, where the appeal is from final judgment, that the statement of facts contains all the testimony on which the cause was tried below. It is the judge who by law is clothed with authority to settle the statement of facts. Section 4 (Laws of 1890, p. 334) provides that, if the facts are contested, the parties may appear before the judge and, in the language of the statute, "it shall be the duty of said court or judge to settle between the parties what is the proper statement, and to certify the same." If there is no contest, the judge

must certify to the statement of facts, and if the statement presented to him by appellant is not correct, he will not certify it, but will certify the correct statement. If both parties agree to the statement the court will not necessarily certify it, but will certify what he believes to be the correct statement. And if the court should certify to one statement of facts and the parties should agree to a different statement of facts, and send it up in the transcript, this court would only consider the statement certified by the judge. It can only consider a statement thus certified in any event. Any other practice would be liable to lead to embarrassing results, and, in our opinion, would be unauthorized by law. In this case none of the methods known to law for the removal of causes to this court have been employed. This being an equitable proceeding, which was tried upon the facts, and there being no statement of facts properly before this court, the appeal must be dismissed.

The appeal is dismissed, and the judgment affirmed.

ANDERS, C. J., and STILES and HOYT, JJ., concur.

SCOTT, J., concurs in the result.