[No. 316.  Decided January 11, 1892..]

P. J. MADIGAN, *Respondent*, v. THE WEST COAST FIRE
AND MARINE INSURANCE COMPANY, *Appellant*.

APPEALS—STATEMENT OF FACTS—JUDGE'S CERTIFICATE NECESSARY.

Under Laws 1891, p. 347, § 21, governing appeals, the stipulated
statement of counsel as to the facts in a cause will not be regarded by
the supreme court, where there is no appearance by respondent, unless
the same is certified by the judge trying the cause as containing all
the material facts.

*Appeal from Superior Court, King County.*

Action by P. J. Madigan on a policy of insurance issued
by defendant. Judgment for plaintiff, and defendant
appeals.

*F. F. Randolph* (*D. O. Finch*, of counsel), for appellant.
*C. J. Walsh*, for respondent.

The opinion of the court was delivered by

ANDERS, C. J.—At the threshold of this case we are
confronted with the fact that there is neither a bill of ex-
ceptions nor a statement of facts legally authenticated in
the record.  There is, in the transcript certified by the
clerk of the superior court, a brief statement, or history,
of the case, denominated a statement of facts, to which is
subjoined what purports to be an agreement of counsel
for the respective parties "that the foregoing is a correct
statement of facts in said cause for all the purposes of
this appeal, and that all rights accrued to defendant by
reason of failure to file the same prior to this date are
hereby waived."  But it does not contain a syllable of
the testimony produced by either party at the trial, and,
if it were accepted as an authentic statement of facts, this

court would be compelled to reverse the judgment of the court below without further investigation, for it clearly shows on its face, that respondent has violated one of the conditions of his insurance policy, and thereby precluded himself from maintaining an action thereon. It appears, however, that this so-called statement was not relied on by appellant as a statement of all the material facts in the cause, for we find in addition thereto, as distinct parts of the transcript, an "abstract of the evidence," and a copy of the judge's charge to the jury, to each of which is attached a stipulation of counsel to the effect that the same is a correct and true copy of what it purports to be. No certificate of the judge who tried the cause appears, either to the statement, instructions, or testimony, or in any other place in the record. The act of March 9, 1891, provides the only method whereby any party feeling himself aggrieved may have any fact or facts not already a part of the record made so by a statement of facts. If the parties disagree as to what the facts are, it is the duty of the court or judge to settle between them what is the proper statement, and to certify the same. See Laws 1891, p. 347, § 21.

If there is no disagreement between the parties, and the statement prepared and filed by the party appealing is found to be correct by the judge, he will certify and sign it, as a matter of course. But, in any event, it is for the judge, and not counsel, to determine the facts, and no statement of facts can properly be authenticated without his certificate. This being true, the stipulation of counsel in this case cannot be substituted for the certificate of the judge, and it follows that the proposed statement of facts must be entirely disregarded, and no question depending on testimony can be here considered. See *Howard v. Ross*, *ante*, p. 292, recently decided by this court. In the absence of any statement of facts which we are authorized by law

to consider as part of the record, there is but one question in this case for our determination, and that is, whether the' complaint states a cause of action.    We think it does.

It may be well to here remark that the respondent has not filed a brief or entered an appearance in this cause in this court, and we have, therefore, deemed it our duty to carefully examine the record, and to see that the appeal was properly taken, and the facts properly certified to this court.

The judgment of the court below is affirmed.

DUNBAR, HOYT and STILES, JJ., concur.
SCOTT, J., concurs in the result.'