[No. 1970. Decided January 13, 1896.]

FRANK SCOTT, *Appellant,* v. J. FRANK BOURN, *Respondent.*

APPEAL — STATEMENT OF FACTS — REMEDY FOR IMPROPER SETTLEMENT — SUFFICIENCY OF FINDINGS — EVIDENCE — CONSIDERATION FOR PROMISSORY NOTE.

The appellate court cannot consider a statement of facts regardless of an amendment thereto made by the lower court, even if such amendment were erroneous, as the remedy of appellant is by mandamus to compel the lower court to settle a proper statement of facts.

A finding of fact by the trial court, even in an equitable proceeding, will not be set aside upon appeal, unless there is a preponderance of evidence against it.

The presumption that a promissory note is upon a sufficient consideration, aided by the positive testimony of the payee to that

effect, is not overcome by the testimony of the maker that it was given without consideration and merely to enable the payee to avail himself of an interest in certain moneys expected to be paid upon a contract held by the maker and payee against a third party, and that if the money was not paid under said contract the note was to be surrendered.

Appeal from Superior Court, Pacific County.—Hon. RICHARD K. BONEY, Judge pro tem.　Affirmed.

*Edward F. Hunter,* for appellant.
*John H. & A. M. Smith,* and *J. Bruce Polwarth,* for respondent.

The opinion of the court was delivered by

HOYT, C. J.—The record in this case is in such shape that it has been with great difficulty that the real controversy between the parties could be determined, and we would probably be justified in affirming the judgment for the reason that it does not sufficiently appear from the record what particular errors on the part of the trial court are relied upon for reversal. But since, by the aid of the brief of appellant, we have been able to discover what we deem to be the questions which were material to a correct determination of the controversy between the parties, we can overlook the imperfections in the record and examine the rulings upon these questions.

The first complaint made by the appellant is that the trial court committed error in amending the proposed statement of facts before settlement, and he contends that we should consider it as though it had been settled without such amendment. This we cannot do. If the court wrongfully refused to settle a proper statement of facts, the remedy of appellant was by mandamus to compel it to do so. Until a statement has

been settled by the judge it cannot be considered upon appeal, however clear may have been the right of appellant to have it settled as proposed.

From the pleadings and the undisputed proofs, it appeared that the plaintiff and defendant had numerous business transactions together, commencing sometime in January, 1890, and continuing until about February 24, 1891. That on said 24th day of February the plaintiff made to the defendant a promissory note for the sum of $6,000, payable one day after date, with interest at the rate of ten per cent. per annum; and the material question upon which the rights of the parties depended was as to the force to be given to this note. On the part of the plaintiff it was contended that it was given without consideration, to enable the defendant to avail himself of an interest in certain moneys which were expected to be paid upon a contract held by the plaintiff and defendant against a third party, and that, if such money was not paid and on that account the contract was forfeited, the note was to be of no force and was to be canceled and surrendered. There was no dispute as to the fact that the money was not paid and that the contract was canceled; hence, plaintiff claimed that he was entitled to have the note canceled and delivered up. The defendant claimed that the promissory note was made upon the settlement between him and the plaintiff of the transactions in which they had been interested up to the time of the execution of the note; that upon such settlement it was agreed that, for moneys advanced and services rendered by him for the plaintiff, there was due to him the sum of $6,000, and that the note was given in settlement of the amount so due.

The proof offered by each of the parties to sustain these adverse contentions was almost entirely the evi-

dence of himself as a witness, and, unless that of the plaintiff was of such controlling force that it not only overcame that of the defendant but also rebutted the presumption which arose from the production of the note, the finding of the trial court to the effect that the note was executed for a sufficient consideration and was of force in the hands of the defendant, must be sustained; for, even in an equitable proceeding, a finding of fact by the trial court will not be set aside upon appeal unless there is a preponderance of evidence against it. The evidence of the plaintiff was not of this controlling force. On the contrary, the reasons which induced the execution of the note as testified to by him were most unsatisfactory. The money to be derived from the contract would, according to his testimony, have become the joint property of himself and the defendant, and it was in no manner explained why it was necessary that the defendant should have this note to enable him to get his share of it, if plaintiff was not indebted to the defendant and it was not the understanding that the note should be paid out of plaintiff's share of the $17,000 to be paid upon the contract; and if it was the intention that defendant should be paid out of such share, it must be presumed that the sum. specified in the note was due from plaintiff to defendant.

The presumption that a written instrument was executed for the purposes disclosed upon its face cannot be overcome except by satisfactory proof, and the transaction as testified to by the plaintiff was so unreasonable that it would be doubtful whether the presumptions flowing from the production of the note in the hands of the defendant would have been overcome, even if no testimony in support thereof had been introduced by the defendant. But these pre-

sumptions were supported by the testimony of the defendant whose statement as to the circumstances surrounding the execution of the note was reasonable and consistent with other proofs in the case. The finding of the trial court as to the force to be given to this note is fully sustained by the evidence.

The court refused to find in detail as to the state of the account between plaintiff and defendant at the time the note was executed, and it is claimed that by reason of this refusal the judgment should be reversed. But the evidence was of such a nature that it was impossible for the court to find just what items entered into the account between the parties, and having found that there was a long unsettled account between them and that on a certain day they had fully adjusted it, and that the note in question had been given in settlement of the amount found due from the plaintiff to the defendant upon such adjustment, such finding was sufficient upon which to found the legal conclusion that the defendant was entitled to have the note enforced against the plaintiff according to its terms.

Complaint is made as to other rulings during the progress of the trial, but in the light of the finding as to the force to be given to the note, such rulings, even if erroneous, could not have affected adversely the rights of the plaintiff.

The judgment will be affirmed.

DUNBAR, ANDERS, SCOTT and GORDON, JJ., concur.