[No. 7596. Decided December 26, 1908.]

## H. C. ADAMS, *Appellant,* v. THE COLUMBIA CANAL COMPANY, *Respondent.*[1]

APPEAL—RECORD—STATEMENT OF FACTS—NECESSITY OF CERTIFICATE. A statement of facts not certified by the trial judge, but simply authenticated by the affidavit of the stenographer who reported the case, will be struck out on motion.

SAME—STATEMENT OF FACTS—NECESSITY. In the absence of a bill of exceptions or statement of facts, the supreme court cannot review error in the admission of testimony, or the sufficiency of the evidence to justify the verdict.

APPEAL—REVIEW—HARMLESS ERROR—RULING ON PLEADINGS. Error in overruling a demurrer to an answer will be regarded as harmless, where no findings were made and the evidence is not brought up, and the trial court may have found the allegations of the complaint untrue.

Appeal from a judgment of the superior court for Walla Walla county, Brents, J., entered June 13, 1908, in favor of the defendant, dismissing an action for an injunction, after a trial on the merits before the court without a jury. Affirmed.

[1]Reported in 98 Pac. 741.

*McDonald, Rupp & Bryson,* and *Cain & Hurspool,* for appellant.

*Shank. & Smith,* for respondent.

RUDKIN, J.—Respondent has moved to strike the statement of facts in this case, because not certified by the trial judge as provided by law. The statement of facts is simply authenticated by the affidavit of the stenographer who reported the case at the trial, and the motion to strike must be granted.

The assignments of error are: (1) That the court erred in overruling the demurrer to the further and affirmative defense contained in the answer; (2) that the court erred in admitting testimony in support of the affirmative defense; and (3) insufficiency of the evidence to justify the judgment. The second and third assignments cannot be considered in the absence of a statement of facts or bill of exceptions, and there is nothing in the record to show that the overruling of the demurrer was prejudicial, if erroneous. All the material allegations of the complaint were denied by the answer, and the court made no finding of facts or conclusions of law. For aught that appears of record, the court may have found that the allegations of the complaint were untrue, and error will never be presumed. Without passing upon the sufficiency of the answer, the judgment must therefore be affirmed; and it is so ordered.

HADLEY, C. J., FULLERTON, CROW, MOUNT, and DUNBAR, JJ., concur.