[No. 13871.  Department Two.  April 27, 1917.]

LAMB DAVIS LUMBER COMPANY, INCORPORATED, *Appellant,* v.
E. F. STOWELL, *Administrator De Bonis Non etc., et al.,*
*Respondents.*[1]

EXECUTORS AND ADMINISTRATORS—NECESSARY EXPENSES—MARKET-
ING CROPS.  The executor has power, and it is his duty, to contract
for apple boxes which are necessary to market a crop belonging to
the estate; in view of Rem. Code, § 1534, making it his duty to take
all the estate into his possession, and § 1547, allowing him all nec-
essary expenses in the care and management of the estate.

SAME—CLAIMS — NECESSARY EXPENSES — FAILING TO INCLUDE IN
ACCOUNT.  The failure of a former executor to include in his account
an item of necessary expenses incurred by him, does not preclude
the filing of a claim against the estate therefor.

Appeal from a judgment of the superior court for Chelan
county, Grimshaw, J., entered June 22, 1916, upon sustaining
a demurrer to the complaint, dismissing an action to establish
a claim against an estate.  Reversed.

*W. F. Whitney,* for appellant.

*C. F. Wallace* and *Hughes, Sumner & Adams,* for re-
spondents.

HOLCOMB, J.—The principal question to be determined
upon this appeal is this: "Has an administrator the power
to bind the estate for necessary supplies purchased by him in
his representative capacity, which supplies were necessary to
the preservation of the estate and without which the estate
would suffer loss and damage?" Connected with that is the
question of the jurisdiction of the subject-matter as raised
by respondents' demurrer to the appellant's complaint, which
demurrer was sustained by the court and the action dismissed.

The facts stated in the complaint are as follows:  Maude E.
French died intestate on June 1, 1911, and on December 27,
1911, her husband, J. H. French, was appointed and qualified

[1]Reported in 164 Pac. 593.

as administrator of her estate.  He continued so to act until on or about March 30, 1915.  The estate consisted of an apple orchard in full bearing.  On March 12, 1915, French was, by order of court, removed and Stowell was appointed administrator *de bonis non*.  On March 30, 1915, letters of administration *de bonis non* were issued·to Stowell, and he forthwith qualified as such and proceeded to administer the estate.  Between August 10 and October 30, 1914, upon the request of J. H. French, as administrator, appellant sold and delivered to the estate approximately 7,350 apple boxes, for which the administrator, as such, and for and on behalf and for the benefit of the estate, agreed to pay $803, no part of which was ever paid.  These apple boxes were used by the administrator during the fall of 1914 to harvest and market the apple crop of the estate, and without them the crop could not have been harvested and marketed, and the entire apple crop would have been lost to the estate and no returns or·proceeds derived therefrom.  After French was removed and Stowell was appointed and had qualified as administrator *de bonis non*, appellant presented its verified claim against the estate to Stowell, who rejected it.  This suit was thereupon brought to establish the claim against the estate as though it had been allowed by the administrator *de bonis non*, and asking that he be required to pay the claim in due course as other claims against the estate were paid.  The administrator *de bonis non* rejected the claim on the sole ground that the prior administrator had no authority in law to contract such obligation on behalf of the estate and could not thereby bind the estate.

The statutes provide:

"The executor or administrator shall take into his possession all the estate, real and personal," etc.  Rem. Code, § 1534.

"He shall be allowed all necessary expenses in the care, management, and settlement of the estate, and for his services such fees as the law provides  .  .  ."  Id., § 1547.

The "care and management of the estate" may, and often does, include the cultivation of growing crops received by the administrator, and the harvesting, conservation, and marketing of matured crops. An administrator would assuredly be liable for neglect and nonfeasance should he permit crops growing upon the estate, while in his charge, to go to waste and be lost. His actual expenses in caring for the crops and harvesting them are expenses of the estate. This particular kind of management (the conservation of growing crops) differs widely from that of keeping a business venture going as a going concern, or from embarking on a new enterprise with the estate. Such proceedings are entirely at the hazard, and upon the personal responsibility, of the executor or administrator, unless when, for the security or benefit of the estate, the same is authorized by the will or by the court having control of the administration, and then only under peculiar and special circumstances. In this instance, it is shown by the complaint that the apples were the crop of the estate; that it was necessary to box them in order to market them; that the boxes were bought for that purpose and were so used. It goes without saying that it was the positive and imperative duty of the administrator to harvest the crop grown on the estate, and if it was necessary, in order to do so, to obtain boxes and box them, as is admitted by the demurrer to the allegations of the complaint, he would have been most derelict in his duty had he failed to do so. The expense, therefore, was indubitably an expense of the estate. Not every "expense of estate" is necessarily one accruing from some act, agreement, or default of the testator or intestate during life; for example, taxes for current years while in process of administration, or insurance upon buildings during such administration.

Neither do we deem it material that the former administrator failed to include the expense or claim therefor in his final account when he rendered same to his successor. Appellant could not have compelled him so to do except upon a

hearing after rejection of the claim, and the only object of such hearing is to be obtained in this, namely, the establishment of the amount and its allowance as a claim of certain rank against the estate.

Reversed and remanded, with instructions to overrule the demurrer and reinstate the cause, and for further proceedings consistent herewith.

ELLIS, C. J., MOUNT, PARKER, and FULLERTON, JJ., concur.