[No. 15111.    Department Two.    May 28, 1919.]

LAMB-DAVIS LUMBER COMPANY, *Appellant*, v. E. F. STOWELL, *Administrator etc., Respondent.*

J. A. PRENTIS, *Appellant*, v. E. F. STOWELL, *Administrator etc., Respondent.*

CASHMERE MERCANTILE COMPANY, *Appellant*, v. E. F. STOWELL, *Administrator etc., Respondent.*[1]

APPEAL (275, 317)—RECORD—STATEMENT OF FACTS—CERTIFICATE AS TO MATERIAL FACTS—EFFECT OF STIPULATIONS. The evidence must be brought up by bill of exceptions or statement of facts, certified by the judge to contain all the material facts, and a stipulation of counsel that it contains all the material facts cannot supplement or be substituted for an insufficient certificate.

EXECUTORS AND ADMINISTRATORS (42-1, 45)—CONTRACTS—SALE TO ADMINISTRATOR IN INDIVIDUAL CAPACITY. An administrator *de bonis non* is not liable for apple boxes and goods, alleged to have been purchased by a former administrator and used in marketing crops, where they were sold to him upon his individual credit, and not as administrator, and no claim therefor was filed against the estate.

Appeal from judgments of the superior court for Chelan county, Grimshaw, J., entered December 13, 1917, upon findings in favor of the defendant, dismissing consolidated actions to establish claims against an estate. Affirmed.

*W. F. Whitney,* for appellants.

*Charles F. Wallace* and *Sam R. Sumner,* for respondent.

FULLERTON, J. — In these actions, which were consolidated for the purposes of trial in the court below and for the purposes of this appeal, the appellants sought to recover from the administrator *de bonis non* of the estate of Maude E. French, deceased, for certain articles of merchandise sold by them severally to

[1]Reported in 181 Pac. 520.

the former administrator of the estate, which were alleged to be necessary expenses incurred by the then administrator in the conduct and management of the estate. The first of the causes of action was before this court on the question of the sufficiency of the complaint in *Lamb-Davis Lumber Co. v. Stowell,* 96 Wash. 46, 164 Pac. 593, L. R. A. 1917 E 966. On that appeal we held the complaint sufficient, reversing and remanding the cause for further proceedings. After the remand of that cause, the other actions were commenced. The administrator *de bonis non* answered the complaints, putting in issue their principal allegations and setting up affirmative defenses thereto. The trial court made findings sustaining the administrator's contentions and entered judgments accordingly. It is from these judgments that the present appeal is prosecuted.

The appellants present the appeal in this court as if the cause were before us for trial *de novo.* We find, however, from an examination of the record, that the purported statement of facts does not contain all of the evidence submitted to the trial court, and is not certified by the judge of the trial court in any manner whatsoever. When this condition of the record was called to the attention of the appellants' counsel, he answered by submitting a stipulation, signed by himself and the opposing counsel, reciting in effect that the purported statement does contain all of the material facts and that the same may be treated and considered by this court as if duly settled and certified by the trial judge. But it is at once apparent that the stipulation cannot be given effect. This court has jurisdiction to review a judgment upon the evidence only when the evidence is brought before it in the manner provided by statute. *Howard v. Ross,* 3 Wash.

292, 28 Pac. 526; *Madigan v. West Coast Fire & M. Ins. Co.*, 3 Wash. 454, 28 Pac. 1027; *Ward v. Tucker*, 7 Wash. 399, 35 Pac. 126, 1086; *Oliver v. Lewis*, 9 Wash. 572, 38 Pac. 139; *Scott v. Bourn*, 13 Wash. 471, 43 Pac. 372; *Adams v. Columbia Canal Co.*, 51 Wash. 297, 98 Pac. 741.

The only method provided by statute for bringing the evidence into this court is by a statement of facts or bill of exceptions certified to by the judge of the trial court. Stipulations of counsel are not methods so provided, and hence cannot be recognized by the court.

It is, of course, open to the appellants to contend that the findings of fact made by the trial court require a judgment different from that entered by the court. But aside from the fact that the appellants seem not to seriously contend that the findings do not support the judgments, a perusal of the findings, it seems to us, leaves no doubt upon the question.

The first of the causes of action was for the purchase price of apple boxes sold to one J. H. French, who was then administrator of the estate. But while the court found that the boxes were purchased and used by French in marketing the apple crop growing upon premises belonging to the estate in the year 1914, it further found that they were sold upon the individual credit of French, not in his capacity as administrator of the estate, and at a time when his powers as such administrator were suspended by an order entered of record in the superior court. It further found that the proceeds of the apple crop were taken by French and credited to his individual account, and that, on the settlement of his account with the estate, he was duly credited with all sums of money coming to him from the estate. It may be that, if French now had a claim

against the estate for the purchase price of these boxes, the court would allow the vendor, since he has not been paid, although he dealt with French personally and not as administrator, to be subrogated to the claims of French. But since French has no such claim, there is no room for subrogation, and the vendor must be relegated to the individual liability of French. Plainly, the vendor has no valid claim against the estate.

With reference to the second cause of action, the court also found that the claim was for goods and merchandise sold to French individually and not in his capacity as administrator of the estate, and found that French had been allowed for all moneys due him in his settlement with the estate. It further found that, as a claim against the estate, the account was barred by the statute of limitations. We think that here also there is no basis for a recovery against the present administrator.

The findings concerning the other cause of action are substantially the same as the second and, in our view of their effect, amply support the judgment entered thereon.

It is unnecessary to pursue the inquiry further. The judgments are sustained by the findings and must stand affirmed.

It is so ordered.

CHADWICK, C. J., MOUNT, PARKER, and HOLCOMB, JJ., concur.