[No. 17169. Department Two. July 21, 1922.]

GUS E. LARSON, *as Administrator etc., Appellant,* v. THE CITY OF SEATTLE, *Respondent.*[1]

APPEAL (317)—RECORD—STATEMENT OF FACTS—CERTIFICATE. A statement of facts will be stricken where it was not certified to contain all the material facts, matters and testimony, but only such as appellant requested; and it cannot be urged that it contained sufficient testimony for the consideration of the errors assigned where it was not certified that such was the fact (PARKER, C. J. dissenting).

Appeal from a judgment of the superior court for King county, Smith, J., entered May 4, 1921, upon the verdict of a jury rendered in favor of the defendant, in an action for wrongful death. Affirmed.

*Arthur H. Hutchinson,* for appellant.

*Walter F. Meier* and *Nelson T. Hartson,* for respondent.

HOVEY, J.—On March 21, 1920, about ten o'clock p. m., Henry N. Hendrickson, John B. Swanson, and

Gus E. Larson were riding in a Cadillac roadster on the winding streets in the city of Seattle situated on the hillside approaching Lake Washington from the west. The car had but one seat and Larson sat in Swanson's lap, while Hendrickson drove. None of the men had had much experience with automobiles and none of them knew the country where they were driving. The car was a second-hand one which had been left with Swanson and Hendrickson for sale, they being in the garage business, and they were trying it out. After getting a portion of the way down to the lake level, they decided to return home by a different route, and in doing so drove up a very steep street known as Grand Way. As the engine was about to stop, Hendrickson tried to shift gears, and failing to accomplish this, applied the brakes, which failed to hold, and the car backed down the street a short distance to a point where the street curved, and the car, continuing in a more direct line, went over the curb and sidewalk and dropped to a level some twenty-six feet below, where it turned over and instantly killed Hendrickson and injured Swanson so that he died a few hours later. Larson jumped from the car as it crossed the sidewalk.

This suit was brought against the city, alleging negligence in constructing the street improvements at this place. The complaint is too lengthy for repetition here, but the claimed defects consisted principally of maintaining a steep grade without proper level intervals and without proper bulkheads to prevent vehicles from going over banks, and failure to place adequate signs or other warnings of the dangers to be encountered in traveling the street. The jury returned a verdict for the respondent, and a new trial was denied.

The respondent first moves to strike the statement of facts for the reason that the statement of facts

while certified to contain matters and proceedings occurring in the trial and making the same a part of the record, further states that the statement does *not* contain all the material facts, matters, testimony and proceedings occurring heretofore in said cause not already a part of the record herein, but contains all the facts appellant has requested to be certified.

This motion must be granted upon the authority of the following cases: *Taylor v. Andres,* 83 Wash. 684, 145 Pac. 991; *Davidson v. King,* 103 Wash. 379, 174 Pac. 434; *State v. Hankins,* 93 Wash. 124, 160 Pac. 307; *Ingersoll v. Cudihee,* 96 Wash. 515, 165 Pac. 375; *Kahn v. Kahn,* 103 Wash. 26, 173 Pac. 747; *Downing v. Downing,* 108 Wash. 12, 182 Pac. 561.

Appellant seeks to have his appeal considered upon the theory that he has brought here sufficient testimony for the consideration of the errors he assigns, but if this can be considered as proper procedure, the lower court did not certify that such is the fact, and as pointed out in *Taylor v. Andres, supra,* a proper case is not presented.

Appellant assigns as his reason for failure to supply a complete transcript the great expense of the same and his inability to meet it.

We have gone carefully over the record and are unable to say that any of his assignments are well taken, even if we consider what is now before us.

The judgment is affirmed.

MAIN, HOLCOMB, and MACKINTOSH, JJ., concur.

PARKER, C. J. (dissenting)—I concur in the result reached by my brethren in the foregoing opinion. I dissent, however, from its seeming holding that the statement of facts must be stricken solely because of its being defectively certified by the trial judge. Our

statute prescribing the manner of certifying statements
of facts (Rem. Comp. Stat., § 391), reads:

*"The judge shall certify that the matters and pro-
ceedings embodied in the bill or statement, as the case
may be, are matters and proceedings occurring in the
cause and that the same are thereby made a part of the
record therein;* and, when such is the fact, he shall
further certify that the same contains all the material
facts, matters and proceedings heretofore occurring
in the cause and not already a part of the record
therein, or (as the case may be) such thereof as the
parties have agreed to be all that are material
therein. . . ."

I have italicized the words I desire particularly no-
ticed. The trial judge's certificate here in question
means in substance exactly the same as these italicized
words of the statute. The foregoing opinion seems to
hold that such a certificate is defective within itself,
and calls for the striking of such a certified statement
of facts for no other reason than that it is so certified.
It is quite beyond me to comprehend why a statement
so certified should be stricken for that sole reason,
when the statute expressly provides that it may be so
certified. We have decisions, among which are those
cited in the foregoing opinion, which, read superficially,
seem to express such a view of the law; but I think,
when critically read in the light of the particular
circumstances of each case, they do not so hold. Of
course, when a statement of facts is so certified, this
court will not be able to review many questions that
might be urged in the case which it could review under
a statement of facts certified as containing all the
material facts, etc. But I think, manifestly, there may
be questions capable of being reviewed under a state-
ment of facts certified as prescribed by these italicized
words of the statute. I agree that the statement of
facts in this case should be ignored, not because of

want of proper certification, but because it does not contain facts which enable us to review the particular errors relied upon by counsel for appellant. I feel impelled to make these observations because I fear that we are drifting towards a judicial repeal of the first paragraph of the above quoted statute.