[No. 17129.   Department One.   October 6, 1922.]

HENRY RIEPER, *Appellant,* v. GENERAL CIGAR COMPANY, *Respondent.*[1]

APPEAL (317)—RECORD—STATEMENT OF FACTS—CERTIFICATE AS TO ALL THE EVIDENCE.   Where the statement of facts is certified to contain only all the evidence introduced on behalf of the plaintiff, the supreme court can not review error assigned by plaintiff in granting judgment for the defendant notwithstanding a verdict for the plaintiff.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered October 31, 1921, in favor of the defendant, notwithstanding the verdict of a jury rendered in favor of the plaintiff, in an action in tort.   Affirmed.

*W. H. Plummer, Chas. H. Leavy,* and *J. P. Murphy,* for appellant.

*E. Eugene Davis* and *H. E. T. Herman,* for respondent.

TOLMAN, J.—This is an action to recover damages for personal injuries.   The case was tried to a jury, which rendered a verdict in favor of the plaintiff.   A motion for judgment *non obstante veredicto* was made by the defendant and granted by the trial court, and from the judgment thus entered, the plaintiff has appealed.

The only error assigned is that the court erred in so granting judgment.   This involves the facts in the case, and to give appellant relief we must be able to say that there was no evidence, or reasonable inference from the evidence, sufficient to sustain the verdict.

[1]Reported in 209 Pac. 849.

The certificate to the statement of facts is to the following effect:

". . . that the above and foregoing statement of facts *contains all of the material facts, matters and proceedings introduced on behalf of plaintiff* heretofore occurring in said cause and not already a part of the record therein, and contains all the evidence, oral and in writing therein *in plaintiff's case,* . . ."

It is at once apparent that this certificate does not comply with the statute, Rem. Comp. Stat., § 391, and that the presumption is that there was other evidence before the court at the time the motion for judgment was granted, which has not been brought here. *Deller v. Long,* 96 Wash. 372, 165 Pac. 98; *Mauseth v. Slayden,* 104 Wash. 512, 177 Pac. 319; *Downing v. Downing,* 108 Wash. 12, 182 Pac. 561, and cases therein cited. Should we examine the statement and find therein some testimony which we might consider as sustaining the verdict, still we could not assume that the trial court erred, because as we said in *Scarpelli v. Washington Water Power Co.,* 63 Wash. 18, 114 Pac. 870.

"While ordinarily, as is said in *Weir v. Seattle Elec. Co.,* 41 Wash. 657, 84 Pac. 597, '. . . testimony which is sufficient to carry a case beyond a nonsuit will carry it to the jury at the close of the testimony.' It must be understood that the court is there speaking of contested or controverted testimony which leaves an issue for the jury to decide. But, as is likewise said in the same opinion: 'Cases may arise in which a plaintiff's *prima facie* case is so fully explained and controverted as to leave no substantial conflict in the testimony, . . .' In such cases it is the duty of the court to take the case away from the jury, either upon a challenge to the sufficiency of the testimony or on motion for judgment notwithstanding verdict."

The determination of the question here involved requires a review of the entire evidence, and appellant not having given us an opportunity so to do, we can

only refuse to consider the incomplete statement, and in the absence of any contrary showing must presume that the trial court committed no error.

The judgment is affirmed.

PARKER, C. J., MITCHELL, FULLERTON, and BRIDGES, JJ., concur.