[No. 21139. Department One. August 27, 1928.]

A. MCALLISTER, *Respondent,* v. NIELS HANSEN MANUFACTURING COMPANY, *Appellant,* L. C. HANSEN, *Defendant.*[1]

[1] APPEAL (263)—RECORD—INCORPORATING EVIDENCE—NECESSITY IN GENERAL. In an action for breach of a contract, whereby a conditional sales vendee was to keep the property insured, in which the defendant admitted the agreement and tendered into court the alleged amount of a loss by fire, a finding as to the amount of the loss in excess of the tender must be affirmed, where the evidence was not brought up on appeal.

Appeal from a judgment of the superior court for King county, Ronald, J., entered November 4, 1927, in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*C. H. Steffen* and *Andrew J. Balliet,* for appellant.

TOLMAN, J.—The respondent brought this action as plaintiff alleging, in effect, that it purchased from the appellant certain fixtures, tools and machinery, on conditional sales contract, for the price of twenty-two hundred dollars, payable in installments, the property

¹Reported in 269 Pac. 789.

purchased being placed in the plaintiff's meat market and used by him in carrying on a retail meat business; that, at the time the conditional sales contract was entered into, it was agreed that the appellant, the vendor in the contract, should insure the property against loss by fire in the sum of twenty-two hundred dollars, loss payable to the vendee as his interest might appear, and that the respondent paid to the appellant the sum of thirty-three dollars as premium upon such insurance.

It is further alleged that the property was afterwards, and during the term of the policy of insurance agreed upon, damaged by fire to the extent of one thousand dollars; that notice was given to the vendor and that it developed that no insurance had been written, it being charged that the appellant, through negligence, fraud and deceit, wholly failed to procure such policy of insurance, and the prayer is for the recovery of one thousand dollars and costs.

The answer admits the making of the conditional sales contract, the delivery of the property thereunder, the agreement for insurance and the payment by plaintiff of thirty-three dollars as premium; denies any negligence, deceit or fraud; admits the property was damaged by fire, but denies that it was damaged to any greater extent than the sum of $233.50, and pleads affirmatively that the appellant caused the property to be insured in the sum of twenty-two hundred dollars and on notice of the loss proceeded diligently in an effort to collect from the insurance company, but that the company denied liability, tendered back the premium, etc., and that the appellant thereupon undertook to repair and recondition the property damaged at its own expense; that the same was so repaired and reconditioned and that the appellant has paid all of the expense incident thereto, save the sum of $171, which

amount was tendered into court for the benefit of the plaintiff.

The cause came on for trial before the court sitting without a jury, and the court made findings of fact in which he recites:

"The court finds that it must decide this case on the theory tendered by the defendants. The plaintiff's theory is that he paid him the premium, that the defendant agreed to place the insurance, and he did not do it; that he had a fire and his loss was a certain amount. The defendant admits that it did agree to place the insurance for plaintiff; denies he did not do it, alleges that he did it; but he don't stop there. I am satisfied that the plaintiff did pay the defendants $33 premium for which they agreed to procure insurance in a reliable insurance company. I am satisfied that the defendants did procure insurance upon the interests of the plaintiff in these goods, and that that insurance was in force at the time of this fire. At the time of this fire, the defendant had not breached its contract at all, and it is fair here to say that this shows the good faith of the defendant in this case. I am impressed with the square dealing of the defendant in this case, having come in and said 'I admit I agreed to place you insurance and I did place insurance. The insurance company after the fire refused to pay it. Still I am going to pay the loss myself, and the loss is only so much.'

"Now that being the case, then I have got to decide against the defendant for the amount which the insurance company under its policy would have to pay, that is the loss to the plaintiff. Now, what was that loss?"

And the court proceeded to find that the property was damaged in a total sum of $247.85 in addition to the amount theretofore expended by the appellant in reconditioning, and in accordance with the findings, judgment was entered against the appellant for $247.85 and costs, from which judgment the appeal is prosecuted. No statement of facts is brought to this court.

The appellant contends that the trial court erred in making findings favorable to respondent, in entering judgment other than as admitted in the answer, and in not dismissing the respondent's action. It seems to be its contention that respondent, having declared upon a breach of the contract through negligence, fraud and deceit, and the court having found that there was no such negligence, fraud or deceit, judgment should have followed in appellant's favor; but appellant overlooks the fact that, while it denied negligence, fraud and deceit, it pleaded that, by reason of the denial of liability by the insurance company, it had undertaken to make whole the plaintiff for the damages suffered.

In the absence of a statement of facts and in the light of the issue tendered by the answer, the record presents nothing from which we can say that the trial court erred in finding that the loss exceeded the amount admitted and tendered and, of course, if the loss did exceed the amount tendered as found, the judgment is correct.

Being unable to discover any error in the record before us, the judgment appealed from is affirmed.

FULLERTON, C. J., PARKER, FRENCH, and MITCHELL, JJ., concur.