[No. 23375. Department Two. November 13, 1931.]

E. A. BRAINARD et al., *Respondents*, v. W. A. MISER et al., *Appellants*.[1]

*Herbert O. Landon,* for appellants.

*Leo W. Stewart* and *L. H. Wheeler,* for respondent.

BEALS, J.—Plaintiffs brought this action seeking a decree awarding specific performance of an alleged contract for the exchange of real and personal property. The action, being of equitable cognizance, was tried to the court, and, after a full hearing, findings of fact and conclusions of law were entered in plain-

[1]Reported in 4 P. (2d) 1097.

tiffs' favor, followed by a decree, from which defendants appeal.

■ Respondents move to strike the statement of facts for the reason that the same was not filed in the office of the clerk of the superior court within the time limited by law. The decree was entered March 23, 1931, appellants' motion for a new trial was denied March twenty-eighth, and appellants' proposed statement of facts was filed July seventeenth. The statement of facts not having been filed within ninety days, the motion to strike the same must be granted. *Perkins v. Perkins,* 158 Wash. 351, 290 Pac. 855; *Moss v. Moss,* 163 Wash. 444, 1 P. (2d) 916.

Respondents also move to dismiss the appeal, assigning several grounds for their motion. The reasons urged for the dismissal of the appeal are without merit, and the motion to dismiss is accordingly denied, as are respondents' motions to strike the transcript filed by appellants and their brief.

The statement of facts having been stricken, the only question left for us to consider is whether or not the decree is supported by the findings of fact.

■ The trial court found that the parties entered into an exchange agreement, as a part of which appellants agreed to execute in favor of respondents a mortgage for twelve hundred dollars covering a tract of real estate in King county, described in the findings. By its finding that appellants took possession of real and personal property which was to be delivered to them as part of the consideration for the property they were to transfer to respondents, and that appellants entered into possession and continued in possession of such property, the contract sued upon is apparently taken without the operation of the statute of frauds. In regard to the mortgage for twelve hundred dollars above referred to, the findings go no further than to

state that appellants agreed to execute and deliver such a mortgage (nothing being said about a note to be secured thereby), and that they failed and refused so to do.

The court concluded that respondents were entitled to a decree compelling specific performance of the contract between the parties which it had found existed, and, among other things, directing appellants to execute and deliver to respondents a "mortgage in usual form for the sum of twelve hundred dollars."

In its decree, the court provided for specific performance of the contract according to its terms, as set forth in the findings, but went further, in that the decree provides that,

"In case, for any reason, by any act of defendants, or neglect on their part to protect said property from waste or damage, or failure to pay the taxes and assessments against the same, before delinquency, the said mortgage may be immediately foreclosed, and in such foreclosure plaintiffs shall be entitled to judgment against defendants for any deficiency, including costs and amounts paid for taxes and assessments necessary to protect plaintiff's said security."

We find no warrant in the findings of fact for any provision in the decree to the effect that the mortgage to be executed by appellants in favor of respondents should constitute a debt due from appellants to respondents in the sum of twelve hundred dollars, or any other sum; or that appellants should be required to pay taxes or assessments against the property covered by the mortgage, under penalty of having judgment rendered against them for the amount of such taxes or assessments in case they should fail to pay the same. We therefore hold that the provision of the decree granting to respondents the right to a deficiency judgment against appellants in case of any foreclosure of the mortgage, which deficiency judg-

ment should include any taxes or assessments against the property covered by the mortgage not paid by appellants and paid by respondents, is not supported by the findings of fact, which contain nothing which would warrant the entry of any such judgment.

The decree is manifestly erroneous in that it is not supported by the findings, and the same is accordingly reversed, with instructions to the superior court to grant appellants a new trial.

TOLMAN, C. J., MAIN, HOLCOMB, and MILLARD, JJ., concur.