[No. 23379.  Department One.  November 16, 1931.]

JULIUS J. LA VERGNE, *as Guardian of the Estate of Frank N. La Vergne, an Incompetent Person, Appellant,* v. R. WAYMIERE, *Respondent.*[1]

*John E. Belcher,* for appellant.

*Roberts, Skeel & Holman* and *Tyre H. Hollander,* for respondent.

PARKER, J.—The plaintiff, La Vergne, seeks recovery of damages claimed as the result of the negligence of the defendant, Waymiere.  Trial in the superior court, sitting with a jury, resulted in a verdict awarding to plaintiff recovery.  Thereupon counsel for the defendant moved for judgment in his favor notwithstanding the verdict.  This motion was granted and judgment rendered accordingly, from which the plaintiff has appealed to this court.

It is contended in behalf of appellant that the trial court erred in sustaining respondent's motion for judgment notwithstanding the verdict and rendering judgment accordingly.  There has not been brought here any statement of facts advising us as to what the

[1]Reported in 4 P. (2d) 1105.

evidence was before the trial court inducing it to so dispose of the case, so we are unable to decide as to whether or not the court erred in so disposing of the case. This leaves the judgment effectually supported by the presumption that it is a correct determination of the cause. In *Lee v. Gorman Packing Corporation,* 154 Wash. 376, 282 Pac. 205, we said:

"Whether the facts shown upon the trial warranted the granting of respondent's motion for judgment notwithstanding the verdict could only be determined by a review of the evidence which, as stated above, is not before us."

See, also, *Rieper v. General Cigar Co.,* 121 Wash. 427, 209 Pac. 849.

We conclude that the judgment must be affirmed. It is so ordered.

TOLMAN, C. J., MITCHELL, BEELER, and HERMAN, JJ., concur.