[No. 24651. Department One. December 4, 1933.]

CHARLES SIMMONS, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

*The Attorney General* and *Browder Brown, Assistant,* for appellant.

*Lester Whitmore* and *Thos. R. Waters,* for respondent.

STEINERT, J.—This action arose under the workmen's compensation act. An appeal having been taken by the plaintiff from the decision of the joint board of the department of labor and industries, a trial was had before the superior court without a jury. Findings and conclusions were entered by the court, following—

[1]Reported in 27 P. (2d) 567.

lowed by a judgment reversing the order of the joint board. The department has appealed.

■ Respondent has moved to dismiss the appeal and affirm the judgment, because no statement of facts, nor bill of exceptions, has been certified or filed. We have repeatedly held that we will not in any case say that the judgment of the trial court is wrong upon questions of fact unless we have before us all the evidence upon which that court passed judgment, and that this fact must affirmatively appear from the record. The presumption is that the court acted upon sufficient evidence. *International Development Co. v. Sanger,* 75 Wash. 546, 135 Pac. 28; *Agens v. Powell,* 79 Wash. 131, 139 Pac. 873; *Taylor v. Andres,* 83 Wash. 684, 145 Pac. 991; *Deller v. Long,* 96 Wash. 372, 165 Pac. 98; *Mauseth v. Slayden,* 104 Wash. 512, 177 Pac. 319; *Lamb-Davis Lbr. Co. v. Stowell,* 107 Wash. 212, 181 Pac. 520; *Larson v. Seattle,* 121 Wash. 75, 208 Pac. 54; *Rieper v. General Cigar Co.,* 121 Wash. 427, 209 Pac. 849; *Wise v. Nichols,* 147 Wash. 375, 266 Pac. 186; *McAllister v. Niels Hansen Mfg. Co.,* 148 Wash. 642, 269 Pac. 789; *Lee v. Gorman Packing Corp.,* 154 Wash. 376, 282 Pac. 205; *King v. Manson,* 165 Wash. 90, 4 P. (2d) 885.

Without a statement of facts, properly certified, we are unable to say upon what evidence the court based its findings.

The reason for this rule is as potent in cases arising under the workmen's compensation act as it is in any other case. The rule must therefore be applied in this case, wherein we have but a transcript of the clerk, but no statement of facts certified by the court.

In the absence of a statement of facts, the only question left is whether the findings and conclusions support the judgment. *Abbott v. Clebanck,* 158 Wash.

368, 290 Pac. 704; *Brainard v. Miser,* 165 Wash. 244, 4 P. (2d) 1097. We have examined the findings and conclusions and find that the judgment is fully supported thereby.

Affirmed.

BEALS, C. J., MAIN, MITCHELL, and MILLARD, JJ., concur.