[No. 1609-3.  Division Three.  February 10, 1977.]

VINCENT BEAULAURIER, as *Administrator, Respondent,* v.
L. L. BUCHANAN, ET AL, *Appellants,* THELMA MATTERN,
ET AL, *Respondents.*

*Alan A. McDonald* and *Halverson, Applegate, McDonald,
Bond, Grahn, Wiehl & Almon,* for appellants.

*F. Joe Falk, Jr.,* and *Walters, Whitaker & Finney,* for
respondents.

McINTURFF, J.—This is an accounting action brought by
an administrator de bonis non. L. L. Buchanan and his
wife, Laura, appeal from a judgment in favor of the admin-
istrator de bonis non, finding the Buchanans were wrongly
paid money and certain farm machinery as estate creditors.
We affirm.

The Buchanans had functioned as the lessors and finan-
cial benefactors of Raymond Mattern's dairy for several
years. As background, it may be helpful to discuss a since-
foreclosed chattel mortgage between Mr. Mattern and Mr.
Eades, not a party here. In June 1960, the Matterns exe-

cuted the so-called "Eades" chattel mortgage securing a $10,000 note. The Eades mortgage was foreclosed and reduced to judgment. To prevent execution against the Matterns, Mr. Buchanan satisfied and took an assignment of the judgment. There was no assignment of the Eades mortgage itself to Mr. Buchanan, though he believed such an assignment to have been made.

In May 1967, Mr. Buchanan prepared and signed a statement of account as follows:

Ray Mattern and Thelma Mattern, have had numerous dealings with me in years now passed making payments on interest, payments on principal, receiving advances. It is hereby understood and agreed, that with signing the two promissory notes, one for $25,000 and the other for $7,000 all differences between us are settled. This constitutes an account stated of all sums owing by either of the Matterns or both of them.

Thus the total indebtedness between the parties was reduced to two promissory notes, for $25,000 and $7,000. An agreement securing the $25,000 note was executed by Mr. Mattern on May 9, 1967. Mr. Buchanan believed both notes to be fully secured by the dairy herd and farm equipment. But the trial court found only the $25,000 to be secured by the agreement executed on May 9, 1967.

No payments were made on the promissory notes, and interest mounted. Following the death of Mr. Mattern in 1971, and publication of notice to creditors, Mrs. Mattern, as administratrix, paid to the Buchanans amounts realized from sale of the security and other assets, and owing to them on the two promissory notes. These payments were made before an order of solvency had been entered and without filing of a creditor claim by Mr. Buchanan.

Upon motion by other creditors of the estate, Vincent Beaulaurier replaced Mrs. Mattern as administrator de bonis non. An action was then successfully pursued by Mr. Beaulaurier to recover all amounts paid by Mrs. Mattern to the Buchanans beyond that owing on the secured $25,000 promissory note. This appeal by the Buchanans followed.

The first assignment of error by the Buchanans concerns

the court's failure to recognize an oral equitable chattel mortgage between them and the Matterns securing the $7,000 promissory note. They challenge the trial court's finding that the Eades mortgage did not survive as an equitable mortgage. It is contended that the mortgage was so recognized by the parties and that the transaction between them in May 1967, was not intended to extinguish the equitable mortgage.

We find the prerequisite of an equitable mortgage in *Redemptorist Fathers v. Purdy*, 174 Wash. 358, 361, 24 P.2d 1089 (1933):

> The essence of an equitable mortgage is the intent of the parties to create a lien on the property described to secure the principal obligation. If the intent is present, equity will establish the lien, not only between the parties, but against purchasers or encumbrancers with notice. . . . The intent may be derived from the express language of the agreement, or by necessary implication. . . . *But the intent must appear unequivocally.*

(Citations omitted. Italics ours.) *See also Pacific Nat'l Bank v. Richmond*, 12 Wn. App. 592, 596-97, 530 P.2d 718 (1975).

That the "intent must appear unequivocally" is critical in this case. Here, the court found, "that the Matterns and L. L. Buchanan intended the aforesaid mortgage of May 9, 1967, to replace the Eades mortgage." Whether there was intent to revive the mortgage is a question of fact. And the court found that the security agreement of May 9, 1967, replaced the Eades mortgage, thus denying the requisite intent necessary for creation of an equitable mortgage. The Eades mortgage was not intended to stand as security for payment of the $7,000 promissory note.

The Buchanans have not assigned error to this finding, and it becomes established fact on this appeal, conclusively rebutting the argued intent of the parties to secure the $7,000 promissory note with an oral equitable revival of the Eades mortgage.

The Buchanans next challenge that part of the judgment requiring them to return a tractor and seed drill given to

them by Mrs. Mattern in partial payment of the indebtedness. They contend that the tractor and seed drill are "replacement equipment" covered by the security agreement accompanying the $25,000 promissory note, entitling them to retain this equipment.

■ A review of the record shows that the Buchanans have collected the total amount owing on the secured $25,000 promissory note, all realized from the sale of security. Because they filed no creditor claim, they are entitled to no further payment beyond that amount as general creditors of the estate.[1] The court properly concluded that the Buchanans must return all amounts, including the tractor and seed drill, beyond that owing on the secured $25,000 promissory note.

In their final assignment of error, the Buchanans argue that they be granted a set-off against any repayment owed by them to the estate by virtue of Mr. Buchanan's advances made to Mr. Mattern for rent and irrigation water. They reason that although advances for rent and water were in themselves debts of the decedent and therefore governed by the nonclaim statute, the reasonable value of the use of the Buchanan's property should be awarded to them as administrative expenses. They contend this to be a just solution because the continued operation of the dairy after Mr. Mattern's death contributed to the benefit and preservation of the estate.

■ Advances by Mr. Buchanan, which they seek to characterize as administrative expenses, were an indebtedness of the decedent at the time of death. However, advances made prior to death, including advances for future farm production, are not chargeable as administrative expenses.[2] Mr. Buchanan's advances are thus subject to the nonclaim statute and are barred by their failure to file a

[1] *Harding v. American State Bank*, 127 Wash. 484, 487, 221 P. 599 (1923); *see In re Estate of Hoffman*, 15 Wn. App. 307, 310, 548 P.2d 1101 (1975).

[2] *Evans v. Carroll*, 167 Ga. 68, 44 S.E. 912, 916 (1928); *see Lamb Davis Lumber Co. v. Stowell*, 96 Wash. 46, 48, 164 P. 593 (1917).

creditor claim.[8] The Buchanans are entitled to no set-off against repayment owed by them to the estate.

Judgment of the Superior Court is affirmed.

MUNSON, C.J., and GREEN, J., concur.