[No. 4261–1.   Division One.   July 5, 1977.]

ROBERT DUNBABIN, *Respondent*, v. MARTIN BRANDENFELS, ET AL, *Defendants*, J.J.M. CORPORATION, *Appellant*.

THAYER REALTY, INC., *Respondent*, v. J.J.M. CORPORATION, *Appellant*.

*Martin Brandenfels,* pro se, *Young & Cole, Inc., P.S.,* and *James C. Young,* for appellants.

*Dodd, Hamlin & Coney, P.S., Byron D. Coney, Moriarty, Long, Mikkelborg & Broz,* and *R. Thomas Olson,* for respondents.

FARRIS, C.J.—This appeal by J.J.M. Corporation follows judgment in favor of Thayer Realty, Inc., and Robert Dunbabin in consolidated mortgage foreclosure actions.

Early in 1974, J.J.M. purchased the Marne apartments from Thayer for cash and a promissory note secured by a deed of trust. Payments on the note were never made. On March 3, 1975, Thayer filed a complaint which sought to foreclose on the deed of trust for nonpayment of the note. J.J.M.'s answer alleged that Thayer, through an alleged agent, had waived payments coming due during rehabilitation construction. It also counterclaimed alleging that the agent induced it to purchase the Marne by representing that Thayer would provide adequate rehabilitation financing and that Thayer's failure to provide the financing caused it to suffer $100,000 in damages.

In order to rehabilitate the Marne apartments, J.J.M. obtained financing from Robert Dunbabin in a series of transactions. The initial loan of $5,000, given in return for a note for $8,000, was secured by security agreements on several properties owned in whole or in part by J.J.M., including the Marne. Dunbabin commenced an action on the notes in September of 1974, following nonpayment, which resulted in entry of summary judgment awarding him immediate control of the subject properties, but leaving open J.J.M.'s usury defense on the $5,000 loan.

J.J.M. and Dunbabin thereafter entered into a settlement which provided, *inter alia,* for the dismissal with prejudice of the September 1974 lawsuit. J.J.M.'s subsequent default on payment due under the settlement resulted in the filing of this action by Dunbabin; the usury claim was raised as a defense.

Because both Thayer and Dunbabin sought foreclosure on the Marne apartments, the two actions were consolidated for trial. The judgments entered awarded Dunbabin the sum due on a note which had been issued pursuant to the settlement plus interest on that note and attorney's fees. Dunbabin was also granted foreclosure on all property covered by the security agreement, except the Marne, which was held to be subject to Thayer's superior claim pursuant to the deed of trust. J.J.M.'s usury claim against Dunbabin was dismissed with prejudice as was his counterclaim against Thayer for the alleged misrepresentations.

On appeal, J.J.M. alleges that the findings of fact supporting judgment for Thayer are not supported by substantial evidence. It argues that Thayer should have been estopped from (1) denying that its agent promised to obtain financing as a condition of the sale and (2) foreclosing for nonpayment because of waiver of those payments by its agent.

■■ The trial court found as a fact:

The J*J*M Corporation has failed to prove its allegation that Thayer Realty, Inc., or anyone on its behalf made a promise, either express or implied, to obtain adequate financing for J*J*M Corporation to rehabilitate said property.

Finding of fact No. 8. The trial court ordered foreclosure upon a finding that payments due on the note had not been made. An additional finding that J.J.M. failed to prove an effective waiver was unnecessary. *See Hering v. Department of Motor Vehicles,* 13 Wn. App. 190, 534 P.2d 143 (1975). Findings supported by substantial evidence will not be disturbed on appeal. *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959). The findings support the conclusions of law and judgment entered thereon in favor of Thayer.

J.J.M. contends that the trial court erred in entering judgment in favor of Dunbabin and in dismissing with prejudice its usury counterclaim and defense. It alleges that

(1) the usury claim on the $8,000 note survived the settlement and should have been used as an offset against the subsequently unpaid note and (2) a deed on its Prospect property given to Dunbabin pursuant to the settlement was an equitable mortgage and not, as the trial court found, a deed in lieu of foreclosure. We understand the argument.

In cases involving alleged usury,

> the law has regard only for the actual facts, and searches for the real transaction between the parties, disregarding evasions, subterfuges and all kinds and varieties of camouflage. *Home Sav. & Loan Ass'n v. Sanitary Fish Co.,* 156 Wash. 80, 286 Pac. 76 (1930).

*Clausing v. Virginia Lee Homes, Inc.,* 62 Wn.2d 771, 773, 384 P.2d 644 (1963).

The trial court found that

> [a]lthough it appears that the interest reserved by Dunbabin under the obligation sued on in that cause of action was in excess of 12% per annum, Dunbabin and J*J*M, each with the advice of informed counsel, and for valuable consideration, compromised and settled all claims and defenses including the defense of usury raised in that action, . . .

Finding of fact No. 20, in part. The finding indicates that the trial court recognized its duty to search for the real transaction. It also distinguishes what happened here from *Clausing v. Virginia Lee Homes, Inc., supra; Auve v. Fagnant,* 16 Wn.2d 669, 134 P.2d 454 (1943); *Celian v. Coast Fin. Corp.,* 189 Wash. 676, 66 P.2d 363 (1937); *Richardson v. Foster,* 100 Wash. 57, 170 P. 321 (1918), where the original usurious transaction remained uncompromised and in effect though it may have assumed another form. Where, as here, a claim of usury is dismissed with prejudice pursuant to an arm's length settlement agreement substantially different in form and content from the one giving rise to the claim, the claim of usury is precluded from further litigation. *See* Restatement (Second) of Judgments §§ 48, 61 (Tent. Draft No. 1, 1973).

The prerequisites of an equitable mortgage were recently discussed in *Beaulaurier v. Buchanan,* 16 Wn.

App. 887, 889, 559 P.2d 1372 (1977), *quoting Redemptorist Fathers v. Purdy,* 174 Wash. 358, 361, 24 P.2d 1089 (1933):

> The essence of an equitable mortgage is the intent of the parties to create a lien on the property described to secure the principal obligation. If the intent is present, equity will establish the lien, not only between the parties, but against purchasers or encumbrancers with notice. . . . The intent may be derived from the express language of the agreement, or by necessary implication. . . . *But the intent must appear unequivocally.*

Here, the trial court found that the preponderance of the evidence indicated that the disposition by settlement of the Prospect property was a conveyance and leaseback of that property. That finding, supported by substantial evidence, negates J.J.M.'s contention that the parties unequivocally created an equitable mortgage lien on the property.

Affirmed.

WILLIAMS and ANDERSEN, JJ., concur.