[No. 24578.   Department One.   December 13, 1933.]

GEORGE C. BANNISTER, *Appellant,* v. FRED B. CAVANAUGH *et al., Respondents,* C. J. ROCKEY *et al., Defendants.*[1]

[1]Reported in 27 P. (2d) 695.

*Earl G. Rice,* for appellant.

*Landon & Landon,* for respondents.

MITCHELL, J.—Fred B. Cavanaugh and his wife were the owners of coal lands in King county, Washington, consisting in part of the E½ of the SE¼ of SE¼ of NE¼ of Sec. 26, Tp. 23 N., R. 5 E. W. M., upon which five acres just described there was a developed coal mine equipped with mining machinery and implements. In July, 1931, they leased their coal lands to F. W. Cordes and Lowther Ferris, who, among other considerations, were to pay a royalty on all coal mined. They also agreed to build and gravel a road from the mine to the county road.

Upon taking possession, the lessees organized a corporation named Cavanaugh Coals, Inc., through which they entered into a contract with George C. Bannister to construct the road. He built the road, and it was accepted. The cost of construction was $2,600, upon which the sum of $1,200 was paid. Being unable to collect the balance on demand, he, in due time, filed a notice of claim of lien on all the lands in the vicinity of the developed coal mine belonging to Cavanaugh and wife, and also on certain machinery in the coal mine and certain other personal property about the mine.

He then brought this suit against Cavanaugh and wife, Cordes and Ferris, and Cavanaugh Coals, Inc., a corporation, to recover judgment for the balance due for building the road and to foreclose the lien against the property described in the lien. It seems that none of the defendants appeared in the action except Fred B. Cavanaugh and his wife. Before the trial took place, fifty dollars more was paid on the claim, leaving $1,350 due. Judgment was entered in favor of the plaintiff,

from which he has appealed, claiming that the relief given him was inadequate.

A purported statement of facts must be and it is stricken, on motion of respondents, because not filed in the superior court in time, and because, as filed, it is manifestly incomplete and is not certified in the manner required by Rem. Rev. Stat., § 391. Indeed, in his reply brief appellant says: "We are not seeking a review of the testimony. We rest our case on the findings of fact made by the trial court."

Respondents owned 211 acres of land, not all contiguous, but the court found that the road is beneficial or appurtenant to only five acres hereinbefore described.

Appellant's first assignment is that "the court erred in refusing to *find* that said road is appurtenant and adjoining to all of the 211 acres." In the absence of a statement of facts, however, we are not at liberty to question the findings. There is no evidence here by which they may be tested or judged.

It is also assigned that the court erred in signing conclusion of law No. 2. Admitting that it is inconsistent in some respects with the findings and judgment, still that is of no controlling importance. In *Gerhard v. Worrell,* 20 Wash. 492, 55 Pac. 625, we said:

"While it is proper practice to make separate conclusions, yet the findings of fact must be considered as controlling the conclusions of law, and the judgment or decree must accord with the findings; and, if it does so accord, it is quite immaterial that it is inconsistent with a particular conclusion. In other words, the findings of fact must be given the force of a special verdict, and the conclusions of law that of a general verdict, and it is elementary that the special verdict will control the general one. *Willey v. Morrow,* 1 Wash. T. 478."

454

■ It is assigned that the court erred "in refusing to declare a *lien for the whole* of the judgment upon all the real and personal property described in said finding." The assignment is indefinite, as to what finding is meant, but there is no conflict between the judgment and the findings signed by the court. The judgment provides that the plaintiff recover $1,350 with interest, an attorney's fee of $350, and other costs, against Cordes, Ferris and Cavanaugh Coals, Inc. It then provides that the whole judgment is a valid lien upon certain described machinery belonging to Cordes situate in the mine. The judgment then provides that the judgment (not a part of it) be and is declared to be a valid lien upon the five acre tract, describing it, already mentioned herein, and also a lien upon the road built by the appellant, describing it. It then provides for foreclosure and sale of all such property. The judgment in these respects is separable, clear and justified by the findings.

■ Later on, the judgment provides for a lien on certain described personal property belonging to Fred B. Cavanaugh and wife, located in and about the mine, which is ordered to be sold to satisfy a specified part of the total judgment. Why this amount of the judgment, separately stated, should be declared a lien against Cavanaugh's personal property, is not made clear by the findings or the judgment. It may have been so provided on account of some stipulation, admission or proof occurring at the trial and not disclosed here, in the absence of a statement of facts. If the findings are deficient, it will be presumed that the evidence supports the judgment, according to the established practice.

In the absence of evidence that may be examined,

"The true rule is that the decree of a trial court in an action of equitable cognizance is entitled to every

presumption necessary to sustain it, in the absence of an affirmative showing in the finding itself that the necessary facts to sustain it did not exist. *Magee v. Risley, ante* p. 178, 143 Pac. 1088." *Harbican v. Chamberlin,* 82 Wash. 556, 144 Pac. 717.

Judgment affirmed.

BEALS, C. J., MAIN, STEINERT, and MILLARD, JJ., concur.

