[No. 24807. Department One. March 8, 1934.]

G. LEE GERSON, *Plaintiff,* v. FRANK SUSSMAN *et al., Defendants,* GUSTAVE WEISSBAUM, *Appellant,* GEORGE I. WEISSBAUM, *Respondent.*[1]

[1]Reported in 30 P. (2d) 379.

*Judson Benton,* for appellant.
*Eggerman & Rosling,* for respondent.

MAIN, J.—In the complaint in this case, there are two causes of action, separately stated, each of which is based upon a promissory note. The maker of the notes admitted liability, paid the amount thereof into the registry of the court, and asked that other parties who were rival claimants to the proceeds be made parties to the action. An order was entered adding as additional defendants Gustave Weissbaum, George I. Weissbaum, and a bank which disclaimed any interest and was dismissed out of the action. Each of the other additional defendants voluntarily appeared and asked affirmative relief.

Before the question as to whether Gustave Weissbaum or George I. Weissbaum were entitled to the proceeds of the notes could be determined, it was necessary to take an accounting of the partnership which had theretofore existed between them. An issue was made by their pleadings as to whether or not, in fact, a partnership had existed, and a trial was had on this question which resulted in a judgment finding a partnership relation.

To make the accounting, a referee was appointed in pursuance of the stipulation of the parties. Subsequently, the referee filed a report in which it was found that Gustave Weissbaum was indebted to George I.

Weissbaum in the sum of $23,857.90. Gustave Weissbaum filed exceptions to the report, and the matter came on for hearing upon the exceptions, at which hearing the referee, as the judgment recites, testified in support of, and supplemental to, his written original report, and there were introduced at this hearing documents and evidence supplemental to the report. As a result of the hearing, judgment was entered against Gustave Weissbaum in the sum of $23,857.90, reciting that the court adopted the findings of the referee, from which he appeals.

The only parties to the appeal are Gustave Weissbaum, the appellant, and George I. Weissbaum, the respondent. No statement of facts or bill of exceptions has been brought to this court, and consequently we know nothing of the evidence which was taken upon either of the hearings.

It is first said that the court erred in assuming jurisdiction of the partnership relations between nonresidents of this state and affecting property and evidence located wholly within the state of California. It will be admitted that it is sufficiently disclosed by the record before us that the appellant and the respondent were residents of the state of California; that the partnership transactions occurred there, and that the documentary evidence contained in books and papers was in that state.

The parties, even though residents of the state of California, having voluntarily appeared, subjected themselves to the jurisdiction of the court. There is nothing in the record properly before us from which it can be found or inferred that, in adjusting the partnership relation, it was necessary to pass judgment on the title to land in the state of California. The action involved the personal relations of the parties, and

the superior courts of this state had jurisdiction to afford relief.

In *Smith v. Fletcher,* 102 Wash. 218, 173 Pac. 19, 636, it was said:

"It is a universal rule that the courts of one state cannot pass judgment on the title to land in another state. But where the action is aimed at the personal relations of parties in connection with property beyond the jurisdiction, it is well recognized that courts may afford relief. [Reviewing authorities.]"

In the opinion in that case, the case of *Olympia Mining & Milling Co. v. Kerns,* 64 Wash. 545, 117 Pac. 260, is comprehensively reviewed and distinguished. The difference between the two cases is marked. In the latter case, it was held that it was discretionary for the courts of this state to refuse, on the doctrine of comity, to assume jurisdiction of an action between nonresidents upon a contract to be made and performed in the state of their residence, where the action involved only the title to real property in such state and a similar action had been commenced and was voluntarily dismissed in that state. The holding in that case affords no support to the appellant's position in the case now before us. The trial court did not err, after the voluntary appearance of the parties in which each asked for affirmative relief and there was an issue between them made by their pleadings with reference to the existence of a partnership, and, if such existed, an accounting, in proceeding to a final determination and adjudication of the matter.

■ It is also said that the court erred in receiving and confirming the report of the referee and overruling the objections made thereto for a number of reasons. The objections to the report of the referee are supported by affidavit which appears only in the clerk's transcript, and for this reason cannot be con-

sidered, as this court has many times held. *Rogers v. Rowland,* 168 Wash. 148, 10 P. (2d) 988.

■ However, even though the report of the referee were disregarded in its entirety, the judgment would necessarily be affirmed, in the absence of a bill of exceptions or statement of facts bringing the evidence to this court. The report of the referee was advisory only, and the cause was triable *de novo,* both in the superior court and in this court. *Hunley v. Ingle,* 88 Wash. 446, 153 Pac. 313. Before this court could try the action *de novo,* it must appear that the record before us contains all the evidence on which the action was tried in the superior court. *Demaris v. Barker,* 33 Wash. 200, 74 Pac. 362.

■ This being an equitable proceeding, no findings were necessary to support the judgment, and the presumption is that the court acted upon sufficient evidence. *Beebe v. Allison,* 112 Wash. 145, 192 Pac. 17: *Simmons v. Department of Labor & Industries,* 175 Wash. 290, 27 P. (2d) 567; *Bannister v. Cavanaugh,* 175 Wash. 451, 27 P. (2d) 695. There being a presumption in favor of the judgment, it cannot be disturbed without a consideration of the evidence before the trial court, which, as already appears, has not been brought here.

The judgment will be affirmed.

BEALS, C. J., MITCHELL, STEINERT, and MILLARD, JJ., concur.