56

DINAH M. SCHNEIDER, *Appellant*, v. HAROLD H. SCHULTZ, INC., *et al., Respondents,* WILLIAM LIND *et al., Defendants.*[1]

[1]Reported in 61 P. (2d) 990.

*Cheney & Hutcheson* and *Walter J. Robinson, Jr.,* for appellant.

*Snively & Bounds, John Gavin, Eugene Ivy,* and *Bausman, Oldham, Cohen & Jarvis,* for respondents.

MITCHELL, J.—This is an action in equity for the foreclosure of a chattel mortgage and to recover rent and damages. A number of defendants defaulted and took no part in the trial. Defendants Harold H. Schultz, Inc., a corporation, Harold H. Schultz, and Surety Finance Company, a corporation, appeared by answer and cross-complaint; also defendant Greene-Winkler Hotel Supply Company, a corporation, appeared by answer and cross-complaint.

Upon the trial, at the conclusion of the plaintiff's case, the defendants contesting the case moved for a nonsuit. The motion was granted, whereupon findings, conclusions, and judgment were entered against the lessee-mortgagors and their assignee, but no relief was granted against the answering defendants. The plaintiff has appealed from each and every part of the judgment adverse to her.

A purported statement of facts presented by respondents and filed in the case has heretofore been stricken.

Respondents Harold H. Schultz, Inc., Harold H. Schultz, and Surety Finance Company have moved to strike the findings of fact for the reason, as they claim, the findings were not served upon them. It does not appear, however, that any such objection was made at the time the findings or the judgment was signed, both of which instruments recite that respondents were present when they were signed and entered.

Besides, it otherwise satisfactorily appears that find-

ings and judgment were proposed and served on all of the respondents who endorsed their acceptance of service on the proposed judgment on April 15. Eight days later, the proposed judgment that had been served on respondents, with certain changes made by the trial court, was signed and entered, reciting therein that the court had "heretofore made and entered findings of fact" etc.,. and still no objection on the part of the respondents that the findings had not been served. The motion to strike the findings is denied.

From the findings, it appears that the appellant owned certain real property in Yakima county and leased it to Jack Winer and William Lind for two years from March 1, 1934. The contract between the parties consisted of a lease from the owner to the tenants and also a chattel mortgage from the tenants to the landlord on personal property thereafter to be acquired for use on the premises, as security for the performance of the covenants and conditions agreed to be performed by the tenants. The instrument was dated March 2, 1934, and signed by all of the parties, landlord and tenants. It was executed by the tenants according to the statutory requirements for chattel mortgages, and was duly filed for record and indexed in the auditor's office as a chattel mortgage.

The tenants promptly took possession of the premises. Jack Winer assigned and conveyed all his interest in the lease and the tangible personal property to William Lind, who, in turn, assigned and sold the same to defendant Yakima Town Club, which was incorporated at that time, which latter assignee assumed and agreed to pay and perform all the terms of the lease, including the payment of rent.

Upon taking possession of the premises, the tenants on two occasions purchased and received for use on the premises certain personal property from Harold H.

Schultz, Inc. The purchases were evidenced by conditional sale contracts, one executed on March 2, 1934, the other May 8, 1934, in which the title to the property was reserved in the vendor until the purchase price was fully paid. The purchase price had not been paid at the time of the trial of this action.

Also, the tenants purchased and received for use on the premises certain personal property from Greene-Winkler Hotel Supply Company. The purchase price was evidenced by a conditional sale contract dated March 19, 1934, in which title to the property was reserved in the vendor until the purchase price was fully paid, and which price had not been paid at the date of the trial of this action.

Just before the commencement of the action in January, 1935, the lessees and their assignee failed and refused to pay each of the last three months' rent at seventy-five dollars per month, and declared their inability and unwillingness to proceed further under the lease contract.

Upon the appeal, appellant contends that all of the property mentioned in the three conditional sale contracts was subject to foreclosure; (1) under the chattel mortgage given to her by the lessees under Rem. Rev. Stat. (Sup.), § 3790 [P. C. § 9767], which provides that, as against the rights of certain third parties a contract of conditional sale of personal property delivered to the vendee to be valid shall be filed in the auditor's office within ten days; and (2) under a landlord's lien, as provided by Rem. Rev. Stat., §§ 1203-1 and 1203-2 [P. C. §§ 9677, 9678], for rent due and unpaid.

As to the first, the findings are too long to be set out herein. They are indefinite and confusing upon material and essential points under the statute involved; nor does it appear that the articles or any of them

were attached or intended to be attached to the premises. Upon full consideration of the findings, however, we are not able to say they are inconsistent with, and do not support, the judgment in that respect.

As to the second, involving the right of a landlord's lien, respondents contend that such a claim is contrary to the theory upon which the case was tried, and refer in their argument to portions of the complaint and of the testimony. This case, however, is here on the *findings,* which govern and control the kind of relief, if any, to which the appellant is entitled.

The statute provides for a lien for rent due upon personal property which has been used or kept on the rented premises by the tenant,

" . . . except property of third persons delivered to or left with the tenant for storage, repair, manufacture, or sale, *or under conditional bills of sale duly filed,* . . . " (Italics ours.)

The statute further provides that "such liens shall not be for more than two months' rent due," and that,

" . . . if such property be removed from the rented premises and not returned to the owner . . . said lien shall continue and be a superior lien on the property so removed for ten days from the date of its removal, . . . "

As to the personal property in the first conditional sale contract with Harold H. Schultz, Inc., filed for record on March 26, 1934, the findings do not show that the goods were not delivered more than ten days before the contract was filed. This property was subject to the landlord's lien, and the judgment to the contrary was wrong.

As to the personal property mentioned in the Harold H. Schultz, Inc.'s, second conditional sale contract, the finding was that the property was not then on the leased premises, having been repossessed by the vendor before the commencement of the action. The

finding does not show but that the property had been removed more than ten days, hence the judgment as to this property was correct.

Concerning the personal property mentioned in the Greene-Winkler Hotel Supply Company conditional sale contract, the finding was that the vendor let the lessee or tenant of the property have possession of some of it on March 16, 1934, but no finding of any sale or contract until March 19, 1934, at which latter date a conditional sale contract concerning the property already delivered, and other property delivered March 23rd and 24th, were sold by conditional sale contract that was filed for record in the auditor's office within ten days from its date. By the terms of the statute, this property never became subject to a landlord's lien.

The judgment appealed from is affirmed, except that portion of it relating to the personal property described in the first conditional sale contract with Harold H. Schultz, Inc., as to which the order granting the motion for a nonsuit and the judgment thereon are reversed, with direction to the trial court to proceed according to the views herein expressed.

MILLARD, C. J., MAIN, TOLMAN, BEALS, BLAKE, GERAGHTY, and STEINERT, JJ., concur.

HOLCOMB, J. (dissenting)—Although the findings may be erroneous and contrary to the facts in some instances, the decree must be presumed to have been sustained by sufficient, competent facts. This being an equitable action, before this court could try it *de novo* it must appear that the record contains all of the evidence on which the action was tried by the superior court. *Demaris v. Barker,* 33 Wash. 200, 74 Pac. 362. In *Gerson v. Sussman,* 176 Wash. 564, 30 P. (2d) 379, a case where the trial court in its judgment recited that it adopted the findings of a referee, we said:

"This being an equitable proceeding, no findings were necessary to support the judgment, and the presumption is that the court acted upon sufficient evidence. *Beebe v. Allison,* 112 Wash. 145, 192 Pac. 17; *Simmons v. Department of Labor & Industries,* 175 Wash. 290, 27 P. (2d) 567; *Bannister v. Cavanaugh,* 175 Wash. 451, 27 P. (2d) 695. There being a presumption in favor of the judgment, it cannot be disturbed without a consideration of the evidence before the trial court, which, as already appears, has not been brought here."

In *Simmons v. Department of Labor and Industries,* 175 Wash. 290, 27 P. (2d) 567, we said:

"We have repeatedly held that we will not in any case say that the judgment of the trial court is wrong upon questions of fact unless we have before us all the evidence upon which that court passed judgment, and that this fact must affirmatively appear from the record. The presumption is that the court acted upon sufficient evidence. [Citing cases.]"

The burden was upon appellant and not upon respondents to bring the record of the facts here, in due time, in order to prevail upon appeal. In this she failed. This determination applies also to respondent Greene-Winkler Hotel Supply Company, a corporation.

Under the above cases the judgment should be affirmed.

For these reasons, I dissent.