[No. 27004. Department Two. August 15, 1938.]

ROBINA HARRISON *et al., Respondents,* v. NATIONAL CASH REGISTER COMPANY, *Appellant.*[1]

[1]Reported in 82 P. (2d) 136.

84

*Cherry & Hull,* for appellant.

*Rigg, Brown & Halverson* and *Paul M. Goode,* for respondents.

MILLARD, J.—On October 1, 1936, plaintiffs, who individually owned in the aggregate a one-half interest in the premises involved, and as joint trustees of the remaining one-half interest in the property, leased to Owen K. Davis space in a building in the city of Yakima for a term of three years ending September 30, 1939, for an agreed rental of one hundred dollars monthly, payable in advance on the first day of each month. On November 17, 1936, under the terms of a conditional sales contract, the National Cash Register Company delivered possession of a cash register to the Gay Way Restaurant, which was operated in the premises leased to Davis, who formed a partnership with Thomas L. Wong.

The conditional sales contract shows acceptance by the parties of the terms of the contract as follows:

> "THE NATIONAL CASH REGISTER COMPANY
> BY J. H. MAC GREGOR
> (SIGN HERE) GAY WAY RESTAURANT
> BY OWEN K. DAVIS
> (Post Office) Yakima, Washington.
> (When signing for firm or corporation, party signing should place his name and title opposite word 'BY.')"

On the same date of delivery of the cash register to the restaurant, the conditional sales contract was delivered to the county officer to be placed of record. The contract was indexed and filed under "vendees" only under the name of "Gay Way Restaurant." There was no reference in the index to either Davis or Wong.

On or about December 25, 1936, a restaurant business operating under the name of "Gay Way Restaurant" was opened in the leased premises. The restaurant operations were carried on by Owen K. Davis and Thomas L. Wong, as partners, but plaintiffs did not have knowledge of the partnership relation until immediately prior to the time of trial.

Upon default in payment of the rental stipulated in the lease, plaintiffs commenced an action against Owen K. Davis and Thomas L. Wong to recover unpaid rental amounting to six hundred and fifty-seven dollars for the period commencing January 1, 1937, and to establish and foreclose a landlord's lien for the last two months' rent, amounting to two hundred dollars. The National Cash Register Company and others, claiming some interest in and to personal property and fixtures located in the leased premises, were joined as parties defendant in the action.

Trial of the cause to the court resulted in a decree adjudging plaintiffs entitled to recovery of the amount of rental claimed and foreclosing the landlord's lien for two hundred dollars. The plaintiffs' landlord's lien and attachment lien were given priority over the claim of the National Cash Register Company to the cash register, which that vendor sought to repossess in its cross-complaint. The National Cash Register Company has appealed.

Counsel for appellant first contend that the respondents' denial of paragraphs two and three of the cross-complaint was insufficient under the following provision of the statute:

"The answer of the defendant must contain,—

"1. A general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief;" Rem. Rev. Stat., § 264 [P. C. § 8351].

For reply to paragraph two of appellant's cross-complaint, respondents admitted delivery by the appellant of a certain cash register to Davis and Wong,

". . . but has no information as to the truth or falsity of the other allegations therein contained and therefore deny the same."

Respondents' reply to paragraph three of appellant's cross-complaint alleged that respondents

". . . have no information sufficient to form a belief as to the truth or falsity of the allegations therein contained and therefore deny the same."

No objection to the sufficiency of the reply was raised until the time appellant's motion for a new trial was argued. A claim then made for the first time that an allegation of the answer stands admitted comes too late. If a plaintiff makes no reply to the answer and defendant proceeds with the trial in all respects as defendant would have done if the issues had been regularly formed, and introduces evidence to prove the affirmative of the allegations in the answer and treats them as controverted and put in issue, the defendant thereby waives any objection to the failure to file a reply or that the reply was defective to the extent argued.

"Any ambiguity and uncertainty in the replication is waived where defendant goes to trial on the merits without objecting to such defects." 1 Bancroft's Code Pleading, Practice & Remedies, 10 year supplement, § 735.

■■ Contrary to the contention of appellant, the trial court did not err in holding that the landlord's lien and attachment lien were prior to the claim of the appellant to the cash register. The landlord's lien statute reads as follows:

"Any person to whom rent may be due, his executors, administrators, or assigns, shall have a lien for such

rent upon personal property which has been used or kept on the rented premises by the tenant, except property of third persons delivered to or left with the tenant for storage, repair, manufacture, or sale, or under conditional bills of sale duly filed, and such property as is exempt from execution by law. Such liens for rent shall be paramount to, and have preference over, all other liens except liens for taxes, general and special liens of labor, and liens of mortgages duly recorded prior to the tenancy. Such liens shall not be for more than two months' rent due or to become due, nor for any rent or any installment thereof which has been due for more than two months at the time of the commencement of an action to foreclose such liens; no writing or recording shall be necessary to create such lien; and if such property be removed from the rented premises and not returned to the owner, agent, executor, administrator, or assign, said lien shall continue and be a superior lien on the property so removed for ten days from the date of its removal, and said lien may be enforced against the property wherever found." Rem. Rev. Stat., § 1203-1 [P. C. § 9677].

The pertinent section of the statute relating to conditional sales contracts reads as follows:

"That all conditional sales of personal property, or leases thereof, containing a conditional right to purchase, where the property is placed in the possession of the vendee, shall be absolute as to all bona fide purchasers, pledgees, mortgagees, encumbrancers and subsequent creditors, whether or not such creditors have or claim a lien upon such property, unless within ten days after the taking of possession by the vendee, a memorandum of such sale, stating its terms and conditions and signed by the vendor and vendee, shall be filed in the auditor's office of the county, wherein, at the date of the vendee's taking possession of the property, the vendee resides." Rem. Rev. Stat., § 3790 [P. C. § 9767].

The statutory provisions respecting the duty of the county auditor to file and index such instruments reads as follows:

"It shall be the duty of the county auditor wherein any such memorandum is presented to him for that purpose, to file all such instruments, upon payment of proper fees therefor, indorse thereon the time of reception, the number thereof, and he shall enter in a suitable book to be provided by him at the expense of his county, with an alphabetical index thereto, and exclusively for that purpose, ruled into separate columns with appropriate heads, 'The time of filing,' 'Name of vendor,' 'Name of vendee,' 'Date of instrument,' 'Amount of purchase price,' and 'Date of release.' An index of said book shall be kept in the manner required for indexing deeds to real estate, and the county auditor shall receive for the services required by this chapter the sum of twenty-five cents for each instrument, and the money so collected shall be accounted for as other fees of his office. Such instrument shall remain on file for the inspection of the public until full payment has been made thereon, and shall be satisfied or canceled in the same manner and upon payment of same fees as chattel mortgages are satisfied or canceled." Rem. Rev. Stat., § 3791 [P. C. § 9768].

That the respondents are entitled to the landlord's lien for two months' rent, is not disputed. We are clear that that lien is entitled to priority over the contract of sale upon which appellant relies. Our statute, quoted above, specifically makes all property on the premises subject to a landlord's lien unless the property comes within one of the excepted classes, such as property sold under conditional sales contract if such contract has been executed pursuant to the statute and filed as the statute requires.

Under the provisions of Rem. Rev. Stat., § 3791, a conditional sales contract not recorded or indexed, as the statute requires, is null and void as to subsequent creditors of the vendee; hence, under Rem. Rev. Stat., § 1203-1, respondents would be entitled to the landlord's lien in the amount of two months' rental and, also, under Rem. Rev. Stat., § 3790, respondents' attachment

lien would be entitled to priority over the conditional sales contract of appellant, as respondents were subsequent creditors.

The cash register claimed by the appellant was included with the property sold to satisfy the judgment for the foreclosure of respondents' landlord's lien. After application of the amount (two hundred and fifty dollars) realized from the sale of all that property to payment of the judgment for landlord's lien and costs taxable in the foreclosure, there was a deficiency of eighty-eight dollars left unpaid upon the landlord's lien execution. The special execution issued to realize upon respondent's attachment lien was returned unsatisfied.

Counsel for appellant insist that, as respondents are not subsequent creditors, they are not within the class protected by the statute (Rem. Rev. Stat., § 3790).

The authorities uniformly hold that future rent is not a present debt. The general rule is that, until the time stipulated for the payment of rental arises, rent does not accrue as a debt; hence, the relation of debtor and creditor between landlord and tenant is not created until that time.

"The obligation of the tenant under a lease to make payments of rent as they become due does not constitute a present debt to be paid in the future. 'Although there be a lease, which may result in a claim for rent, which will constitute a debt, yet no debt accrues until enjoyment (of the land) has been had.' The obligation to pay rent is contingent upon the lessee's continued enjoyment of the land, and hence his liability is analogous to that of one who has agreed to pay for a building to be erected in the future, or for goods to be delivered, and not that of one who has promised to pay a sum unconditionally. As a consequence, a release by the lessor of all 'actions' against the lessee, or of all 'demands' against him, does not relieve him from liability for subsequently accruing rent. And so rent to

become due is not a debt which can be subjected to attachment at the suit of a creditor of the landlord, and a statute making a stockholder liable for any debt, contracted by the corporation, or accruing, while he is stockholder, was held not to impose liability for rent thereafter accruing. For the same reason, the landlord cannot, in the course of administration proceedings upon the estate of his deceased tenant, assert a claim for rent still to accrue, and such a claim cannot be presented in bankruptcy proceedings." 1 Tiffany, Landlord and Tenant, § 166, pp. 1010, 1011.

"In general rent does not accrue as a debt until the tenant has enjoyed the use of the land for the period for which it is payable. Consequently, in the absence of some agreement or understanding between the parties to the contrary, rent is not due until the expiration of the term; and this is true whether the rent is reserved in gross, or on annual, quarterly, or monthly payments. If a portion of the rent is made payable at fixed periods but no time is provided for the payment of the balance, such balance is payable at the expiration of the term." 36 C. J. 361, § 1197.

All of the rental involved in this action accrued after the first of January, 1937. It follows that the respondents are within the protection of the statute as subsequent creditors.

It is urged by appellant that a purchaser under a conditional sales contract may sign under an assumed name or even in the name of another person; and when that contract is recorded pursuant to the statute, it will protect the rights of the vendor as against the claims of third persons.

The answer to that contention is that the contract was indexed and filed under "vendees" only under the name of "Gay Way Restaurant." At that time, there was no such business establishment as the Gay Way Restaurant; hence, the indexing under that style was a nullity. The record shows that the filing and indexing of the contract was completed a month prior to the com-

mencement of the restaurant business. If one desired to operate a business under an assumed name, the statute provides that he shall file a business certificate indicating the official name of the partnership. Rem. Rev. Stat., §§ 9976, 9977 [P. C. §§ 4356, 4357]. The record does not disclose such certificate was ever filed.

The judgment is affirmed.

SIMPSON, BLAKE, GERAGHTY, and ROBINSON, JJ., concur.

