[No. 42207.    En Banc.    December 20, 1973.]

C. A. Swanson *et al., Respondents,* v. Noel H. White *et al., Defendants,* Leasing for Industry Corporation, *Appellant.*

*Lane, Powell, Moss & Miller* and *Robert J. Frederick,* for appellant.

*Julin, Fosso & Sage* and *Eugene H. Sage,* for respondents.

Rosellini, J.—The superior court granted to the respondent, a lessor of certain office space, a lien upon personal

property consisting of office equipment owned by the appellant and leased to the tenant for use in the offices, the lessee having defaulted upon both leases.

RCW 60.72.010 provides:

> Any person to whom rent may be due, his executors, administrators, or assigns, shall have a lien for such rent upon personal property which has been used or kept on the rented premises by the tenant, except property of third persons delivered to or left with the tenant for storage, repair, manufacture, or sale, or under conditional bills of sale duly filed, and such property as is exempt from execution by law. Such liens for rent shall be paramount to, and have preference over, all other liens except liens for taxes, general and special liens of labor, and liens of mortgages duly recorded prior to the tenancy. Such liens shall not be for more than two months' rent due or to become due, nor for any rent or any installment thereof which has been due for more than two months at the time of the commencement of an action to foreclose such liens; no writing or recording shall be necessary to create such lien; and if such property be removed from the rented premises and not returned to the owner, agent, executor, administrator, or assign, said lien shall continue and be a superior lien on the property so removed for ten days from the date of its removal, and said lien may be enforced against the property wherever found. In the event the property contained in the rented premises be destroyed by fire or other elements, the lien shall extend to any money that may be received by the tenant as indemnity for the destruction of said property, nor shall the lien be lost by the sale of the said property, except merchandise sold in the usual course of trade or to purchasers without notice of the tenancy. The provisions of this chapter shall not apply to, nor shall it be enforced against, the property of tenants in dwelling houses or apartments or any other place that is used exclusively as a home or residence of the tenant and his family.

The appellant contended in the trial court and in this court that the legislature, in enacting RCW 60.72.010, did not intend to give a landlord a lien upon the property of a third party held by the tenant under a lease. In support of

this theory, the appellant urges that any other construction of the statute would render it unconstitutional. To take the property of one person, the appellant maintains, and use it to pay the debt of another, a debt to which the owner is not a party either legally or equitably, is to deprive him of his property without due process of law.

It should be noted at the outset that there is no contention in this case that the respondent landlord relied upon the tenant's ownership of the office furniture and equipment when he leased the office space. The space was rented before the equipment was rented. The statute, in providing for the lien, does not impose any requirement that there must have been such reliance. The lien attaches to the property designated in the statute, regardless of when it was acquired.

Insofar as our research discloses, we have never directly held that this statute gives the landlord a lien on property of third persons. The question has been touched upon, but we have not heretofore been forced to resolve it.

See *Kohout v. Brooks,* 185 Wash. 4, 52 P.2d 905 (1935) and *Carpenter v. Lent,* 185 Wash. 458, 56 P.2d 157 (1935). *See also Harrison v. National Cash Register Co.,* 196 Wash. 83, 82 P.2d 136 (1938) and *Schneider v. Harold H. Schultz, Inc.,* 188 Wash. 56, 61 P.2d 990 (1936), where we dealt with the question of lien priorities as between landlord and conditional vendor.

■ Bearing in mind that an act should be given a construction that will render it constitutional, if reasonably possible, we turn first to the statute to ascertain, if we can, the legislative intent with respect to property of third persons in possession of the tenant under a lease agreement.

It is the position of the respondent, concurred in by the trial court, that the statute is clear and unambiguous, that it lists certain exceptions (which do not include leased property of third persons) and that, therefore, applying the maxim expressio unius est exclusio alterius, leased property is subject to the lien.

We do not find the statute quite so free from ambiguity. It will be seen that

property of third persons delivered to or left with the tenant for storage, repair, manufacture, or sale, or under conditional bills of sale duly filed, and such property as is exempt from execution by law

is not subject to the lien. What is meant by the phrase, "such property as is exempt from execution by law?" In the context, the expression is not free of ambiguity.

■ Statutes giving a landlord a lien upon personal property of the tenant create a right which was not recognized at common law, and they are to be strictly construed against the landlord. *United Cigar Stores Co. of America v. Florence Shop,* 171 Wash. 267, 17 P.2d 871 (1933); *Six-pine Leaseholders, Inc. v. Seattle Recreation Co.,* 171 Wash. 139, 18 P.2d 12 (1933).

The phrase, "such property as is exempt from execution by law," could have reference to those exemptions enumerated in RCW 6.12.090 and RCW 6.16, but inasmuch as these relate to homesteads and personal exemptions, only a few of them conceivably could be subject to the landlord's lien in any event. Most of the exempt items are of the kind which ordinarily would be kept in the owner's dwelling and RCW 60.72.010 expressly provides that it shall not apply to or be enforced against property of tenants in dwelling houses or apartments or any other place that is used exclusively as a home or residence of the tenant and his family.

The phrase in question is equally capable of being understood as expressing a legislative intent that the landlord's lien should not attach to property which is not subject to execution. If it is read this way, it exempts the lessor's interest in any leased property in the possession of the tenant, for such an interest is not subject to execution under the execution statute, that statute authorizing such execution only upon property of the judgment debtor. *See* RCW 6.04.020 and 6.04.120.

There is other language in RCW 60.72.010 which leads to

the conclusion that the legislature did not intend the landlord's lien to attach to any property belonging to third persons, except where the interest of such persons is required to be recorded in order to be protected from liens. There is the phrase which reads as follows:

> and if such property be removed from the rented premises and not returned to the owner, agent, executor, administrator, or assign, said lien shall continue . . . for ten days . . .

Here again is an indication that the legislature understood that it was providing a lien on property owned by the tenant or his principal. It would seem likely that, if the legislature intended the lien to attach to leased personalty, it would have added the word "lessee" to this list of persons in whose hands the lien would not be lost.

There is yet another provision in this section which shows a legislative intent to provide for a lien only upon property of the tenant or property which he is deemed in law to own. This is the provision relating to fire insurance, which extends the lien only to money which may be received *by the tenant* as indemnity for the destruction of "said property." Thus, if the leased equipment and furniture should be destroyed by fire, the respondent would not be entitled to any of the proceeds of the insurance, inasmuch as the tenant, being in default on his personal property lease, would presumably have no interest in the property. It would seem that if the legislature had intended to make leased personal property subject to the lien, it would, in order to protect that lien, have given the landlord a lien upon the owner's interest in the proceeds of insurance upon leased personal property upon the premises.

Thus it is apparent that the legislature, in enacting this statute, was thinking primarily of granting a lien upon property of the tenant. The express exclusions manifest this intent. There is no expression of an intent to include property of third persons, other than property held under conditional sale contract; and even in that case, the owner

can protect himself by filing his contract according to statute.

Further light is thrown upon the legislative attitude regarding the granting of lien rights if we examine other lien statutes.

We have searched those statutes and find that in every instance, with one possible exception—and that one ambiguous—the legislature has made the lien attach only to the property of the debtor. *See* RCW 60.04.020 (mechanics' and materialmen's liens); RCW 60.04.150 (protecting supplier of materials for work on the property upon which a lien is claimed); RCW 60.08.010 (lien for construction or repair of chattel at the request of the owner); RCW 60.12.010 (laborer's lien on crops for work done at request of owner or tenant—here the interest of the lessor of the land is expressly exempted from the lien); RCW 60.16.010 (work on orchards); RCW 60.20.010 (furnishing nursery stock); *also* 60.24.020; 60.24.030; 60.32.010; 60.34.010; 60.36.010; 60.40.010; 60.44.010; 60.48.010; 60.52.010; 60.56.010; 60.56.030; 60.60.010; 60.64.010 and 60.66.020.

The last two cited sections pertain to liens of hotel keepers, and they are perhaps open to more than one interpretation. RCW 60.64.010 gives a lien upon property of hotel guests lawfully brought upon the premises by them. Provision is made for the sale of such property. A proviso directs, however, that if the property does not belong to the guest and the hotel keeper has actual notice of that fact before sale of the property, the property shall not be subject to sale as provided therein, but

> may be sold in the manner provided by law for the sale of property under a writ of execution to satisfy a judgment obtained in any action brought to recover the said charges or indebtedness.

It would appear that the legislature intended the hotel keeper's lien to attach only to the interest of the guest in property of third persons, since the execution statutes do not authorize the sale of property other than that of the judgment debtor. *See* RCW 6.04.060 and 6.04.120. Under the

latter statute, where joint personalty is levied upon, the interest of the defendant can be sold. RCW 6.20.010 provides a procedure whereby a third party may assert his claim to property levied upon.

RCW 60.66.010, the unrepealed 1890 act creating a hotel keeper's lien, refers only to the property "of their guests."

In view of the consistent legislative pattern of authorizing liens only upon the property of the debtor or affording a third party whose property might become subject to a lien a means of protecting his interest, it is difficult to believe that the legislature intended to give the lessor of real property a right which it had accorded to no other creditor, when it enacted RCW 60.72.010.

Under RCW 60.72.010, a conditional vendor is given a means of protecting his interest—he can file his contract according to the statutory provisions and maintain the superiority of his lien. But a lessor is afforded no such protection. We are unable to discover any statute which provides for the filing of a lease as a means of protecting the interest of the lessor. The Uniform Commercial Code requires the filing of ostensible leases which are in fact taken as security interests—leases which give the lessee the option to purchase. See RCW 62A.1-201(37). The leases involved in this action are admittedly bona fide leases which require the return of the leased property at the expiration of the leasehold term. It has not been suggested that they are in reality conditional sales disguised as leases. Since the legislature has not seen fit to require the filing of leases (unless they are in fact security devices) in order to protect the interest of the lessor, it has at least impliedly recognized that the lessor's interest is not subject to claims of creditors of the lessee.

Other evidence of legislative recognition of the validity of leases of personal property is found in the taxing statutes. Under RCW 82.04.040, the renting or leasing of personal property is defined as a sale for purposes of the tax, and RCW 82.12.020 imposes a use tax upon certain rented or leased personal property.

We cannot assume that the legislature intentionally has imposed tax burdens upon the transaction of leasing personal property, given it recognition as a legitimate business transaction and at the same time seen fit to penalize such leases in a way in which it has penalized no other transaction by imposing a discriminatory lien upon personal property which is leased in favor of one to whom the lessor is not indebted, without giving the owner of that property a statutory means of protecting his interest. It would seem that if the legislature contemplated that the interest of a lessor might become subject to the lien, it would have provided at least the statutory procedure for giving notice which is available to the conditional vendor.

The respondent has not suggested any state of facts which would justify the legislature in giving preference to a lessor of realty over a lessor of personalty. Inasmuch as the legislature has enacted many lien laws and has not found it necessary to make these liens attach to the property of persons who are not parties to the transaction giving rise to the lien, the interpretation of this act should be approached with no presumption that such a result was intended here. Reading the provision as a whole, we do not find expressed therein any intent that the lien should attach to the lessor's interest in leased personalty kept on the premises by the tenant.

In *State v. Lawton*, 25 Wn.2d 750, 764, 172 P.2d 465 (1946), this court held that machinery leased to an employer who was indebted to the state for contributions to the unemployment compensation fund and used in the operation of his business, was not subject to a lien in favor of the state for these contributions. The statute which imposed the lien in that case expressly provided that the lien should exist not only against the interest of the employer but against the interest of all others, in the plant works, equipment and buildings, and buildings improved, operated or constructed by the employer. We held the act unconsti-

tutional, in that it deprived the lessor of his property without due process of law. We said of the law:

It in effect requires a third party to pay the tax of a liable employer, without any provision for reimbursement.

If the legislature may not grant to the state a lien for taxes upon the property of one not liable for the tax, a fortiori, it cannot grant to a private individual a right to satisfy his claim out of the property of one who owes him nothing and who is afforded no statutory means of protecting his property from the lien.

We have adhered to the very wholesome principle that where an act is open to two constructions, under one of which the act will be valid and under the other invalid, that construction will be adopted which will render the act constitutional. *State v. Twitchell,* 61 Wn.2d 403, 378 P.2d 444 (1963); *Yelle v. Bishop,* 55 Wn.2d 286, 347 P.2d 1081 (1959).

We do not overlook the fact that the statute, in excluding property of third persons from the operation of the lien, mentions only five situations in which the property may be kept or used on the premises without becoming subject to the lien. At first glance, the rule expressio unius est exclusio alterius would thus seem to exclude any legislative intent to exempt property of third persons held under any other circumstances. But that rule, like all other rules of statutory construction, is to be used only as a means of ascertaining the legislative intent. *DeGrief v. Seattle,* 50 Wn.2d 1, 297 P.2d 940 (1956). The strongly manifested intent, expressed elsewhere in the section, to make the lien attach only to property in which the tenant or his principal has an interest, added to the presumption that the legislature intended to enact a law that is constitutional, overcomes the impact of this rule.

We conclude that RCW 60.72.010 does not create a lien in favor of lessors of real property upon property of others

used or kept upon the leased premises under a valid and bona fide lease.

The judgment is reversed.

FINLEY, HUNTER, HAMILTON, UTTER, and BRACHTENBACH, JJ., concur.

WRIGHT, J. (dissenting)—The question herein is priority of rights as between a lessor of personal property and the lessor of real property who is claiming a landlord's lien, as provided in RCW 60.72.010.

There are three parties involved. Noel H. White and Joan C. White, his wife, doing business as Executive Services, are the tenants. C. A. Swanson, P. Edward Dean, Jr., and Samuel M. Hess doing business as Northwest Properties are the landlords. Leasing for Industry Corporation is the owner and lessor of personal property which is the subject of this litigation.

On February 24, 1969, respondents, Northwest Properties (Northwest), leased to defendants, Executive Services (Executive), by a written lease, suites 10 and 205 in the building located at 700-112th N.E. in Bellevue, King County, Washington. The monthly rentals reserved were $864.20 and $908.70 respectively. It appears from the terms of the lease that Executive was organized to provide personnel services.

In March, April and May 1969, and in February of 1970, Executive entered into 10 leases by which Executive secured possession of office equipment and other items of personal property. Appellant, Leasing for Industry Corporation (Leasing), was the lessor of the personal property.

Apparently, Executive did not prosper. Executive defaulted in payment of rents to Northwest for the months of October, November and December 1970. Consequently, Northwest brought this action against Executive on December 30, 1970, to recover judgment for all unpaid rents. In its complaint, Northwest claimed a landlord's lien by virtue of RCW 60.72.010 on all personal property in the office suites leased to Executive, including that personal property lo-

cated in such suites which is owned by Leasing and which had been leased by Leasing to Executive.

On February 3, 1971, after Executive had failed to make an appearance in the action, findings of fact, conclusions of law and judgment by default were entered against Executive. The findings of fact and judgment expressly reserved the question of the priority of Northwest's claimed landlord's lien over the claim of interest by Leasing in the personal property in question.

On February 11, 1971, Northwest filed a motion for summary judgment against Leasing seeking to have its landlord's lien on the personal property located in the office suites declared to be superior to all interest of Leasing therein, and further seeking foreclosure of such lien and sale of the property in satisfaction of Northwest's judgment against Executive for unpaid rents in the sum of $3,545.82. Leasing filed a countermotion for summary judgment seeking dismissal of Northwest's complaint on the ground that the landlord's lien did not attach to property owned by a bailor-lessor on a tenant's premises pursuant to a valid bailment or chattel lease.

The King County Superior Court granted Northwest's motion for summary judgment and denied that of Leasing. Leasing appealed to Division One of the Court of Appeals. Its appeal was removed to the Supreme Court by order of the Supreme Court.

Leasing attacks RCW 60.72.010 as being unconstitutional both under the equal protection provisions and the due process provisions of the state and federal constitutions. Those contentions were not raised in the trial court. In civil cases we have consistently adhered to the rule that errors cannot be raised on appeal if the matter was not urged in the trial court. *Washington Optometric Ass'n, Inc. v. County of Pierce*, 73 Wn.2d 445, 438 P.2d 861 (1968); *State ex rel. Cosmopolis Consolidated School Dist. 99 v. Bruno*, 61 Wn.2d 461, 378 P.2d 691 (1963); *Long v. Odell*, 60 Wn.2d 151, 372 P.2d 548 (1962). An exception to that rule exists if the complaint does not state a cause of action or if the

matter goes to the jurisdiction of the court. ROA I-43. The exceptions are not applicable here. We, therefore, cannot consider the constitutional questions.

Leasing likewise raises a question of statutory construction. It is contended by Leasing that the legislature did not intend to impose a lien upon personal property of one other than the tenant.

Legislative intent must be found first in the words of the statute itself, if possible. *Martin v. Aleinikoff*, 63 Wn.2d 842, 389 P.2d 422 (1964); *Schneider v. Forcier*, 67 Wn.2d 161, 406 P.2d 935 (1965).

RCW 60.72.010 provides, in part:

> Any person to whom rent may be due, his executors, administrators, or assigns, shall have a lien for such rent upon personal property which has been used or kept on the rented premises by the tenant, except property of third persons delivered to or left with the tenant for storage, repair, manufacture, or sale, or under conditional bills of sale duly filed, and such property as is exempt from execution by law. Such liens for rent shall be paramount to, and have preference over, all other liens except liens for taxes, general and special liens of labor, and liens of mortgages duly recorded prior to the tenancy.

The language of the statute is plain upon its face. It makes certain exceptions only. It must, therefore, be presumed the legislature intended to make all other personal property upon the leased premises subject to the landlord's lien. *State ex rel. Port of Seattle v. Department of Pub. Serv.*, 1 Wn.2d 102, 95 P.2d 1007 (1939).

The statute was so construed in *Harrison v. National Cash Register Co.*, 196 Wash. 83, 88, 82 P.2d 136 (1938), wherein the court said, in part:

> Our statute, quoted above, specifically makes all property on the premises subject to a landlord's lien unless the property comes within one of the excepted classes, such as property sold under conditional sales contract if such contract has been executed pursuant to the statute and filed as the statute requires.

Much is said about the result being harsh if the landlord's lien be applied to leased personal property. Such liens are statutory. No constitutional issue being validly before this court, our only responsibility is to correctly interpret the statute. The wisdom of statutes is not subject to judicial review. *State v. Carey,* 4 Wash. 424, 30 P. 729 (1892); *Petstel, Inc. v. County of King,* 77 Wn.2d 144, 459 P.2d 937 (1969); *School Directors v. Department of Labor and Indus.,* 82 Wn.2d 367, 510 P.2d 818 (1973).

In any event the imagined harshness is largely a matter which will not survive critical examination. Every lawsuit has the potential of one party or the other losing. Many means are available to the lessor of personal property to protect against the hazard of a landlord's lien. One engaging in the business of leasing personal property must be presumed to know the law affecting that business, and certainly knows where the leased personalty will be kept and used. The landlord, on the other hand, has no protection for his right to receive the rent except the landlord's lien.

The judgment of the trial court ought to be affirmed.

HALE, C.J., and STAFFORD, J., concur with WRIGHT, J.

Petition for rehearing denied January 23, 1974.